UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Case No. 16-cv-03463-WHA (LB)<br><br>**ORDER**<br><br>Re: ECF No. 61 |

## BACKGROUND

This is a patent-infringement case involving patents that "concern a system and method for enabling point-to-point communications between running computer applications connected to the same computer network, including applications that allow 'realtime video conferencing' or other 'point-to-point communications in realtime of voice and video.'"[1] In this case (one of three related cases), Straight Path IP Group sued Cisco Systems for infringing three such patents: United States Patent Nos. 6,009,469; 6,131,121; and 6,701,365.[2]

---

[1] *See* Compl. – ECF No. 1, ¶ 12. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See id.* ¶¶ 4–5.

ORDER – No. 16-cv-03463-WHA

1    The district judge referred all discovery matters to the undersigned.[3] The parties filed a
2    discovery letter brief to raise issues concerning Cisco's interrogatory responses.[4] More
3    specifically, Straight Path asserts that Cisco improperly limited its responses to only a few accused
4    products and direct infringement (omitting responses for alleged indirect infringement); Cisco
5    urges that it provided all relevant discovery for the products and liability theories alleged in the
6    infringement contentions. Beneath the surface-level discovery dispute, though, the parties argue
7    principally about whether Straight Path's infringement contentions adequately identify the accused
8    products and alleged indirect infringement.

9    The court held a hearing on June 15, 2017. As discussed at the hearing, the court thinks these
10   issues are best resolved through fully briefed motions.

## ANALYSIS

### 1. Accused Products

Straight Path asserts that "Cisco has improperly limited its responses to Interrogatories 1 and 4–7 to address only a few of the accused products."[5] Those accused products, according to Straight Path, include parts of Cisco's Voice over Internet Protocol ("VoIP"), such as its Unified Communications Solutions ("UCS").[6] UCS contains subcomponents that "are designed to work together as a unit," but Straight Path urges that: (1) it identified UCS as an accused product in its infringement contentions, and so Cisco's interrogatory responses must include it; and (2) in any event — even if UCS is not a "product" — Cisco cherry-picked specifically identified products (*e.g.* UCS subcomponents) when responding to Straight Path's interrogatories.[7] Straight Path

---

[3] *See* ECF Nos. 26, 27.

[4] Letter Brief – ECF No. 61.

[5] *Id.* at 1.

[6] *Id.*

[7] *Id.* at 1–2.

asserts that it adequately identified the accused products, including UCS generally, and, more specifically, a number of UCS subproducts.[8]

Cisco says, however, that Straight Path's infringement contentions too broadly defined the accused products as Cisco's VoIP products, such as UCS, "including servers, phones, IP phones, video conference and telepresence products, and related hardware and software."[9] Cisco maintains that UCS "is a marketing term used to describe an umbrella of customizable solutions using any number of products and not a product itself."[10] It asserts that (1) Straight Path's claims charts "provide element-by-element infringement theories for [only] three products" — Cisco's 9971 IP Phone, Video Communication Server ("VCS"), and Unified Communications Manager ("UCM"); (2) it provided all relevant discovery for those three products; and (3) it "could not have guessed which [other] products Straight Path intended to accuse under the UCS umbrella."[11] (Straight Path has not disputed that Cisco provided discovery for those products.)

The core issue here — and necessarily a preliminary one — is the scope or interpretation of Straight Path's infringement contentions. Specifically, the issue is whether Straight Path's contentions adequately identify as accused products (1) Cisco's UCS as a product itself, or (2) UCS subcomponents beyond the 9971 IP Phone, VCS, and UCM. In its cover disclosures, Straight Path defined the accused products as Cisco's VoIP products such as UCS, "including servers, phones, IP phones, video conference and telepresence products, and related hardware and software," and said the products "infringe in the manner asserted with particularity in Exhibits A–D."[12] Those exhibits (Straight Path's claims charts) refer generally to Cisco's "VoIP Products," and (at least for some claims) specifically list examples of certain infringing products:

---

[8] *Id.* at 2.

[9] *Id.* at 4 (quoting Disclosure of Asserted Claims and Contentions – ECF No. 61-6 at 3–4).

[10] *Id.*

[11] *Id.* at 4–5.

[12] Disclosure of Asserted Claims and Contentions – ECF No. 61-6 at 3–4.

ORDER – No. 16-cv-03463-WHA          3

- "As one particular example, Cisco develops and sells phones, such as the Cisco Unified IP Phone 9971, and VoIP servers, such as the Cisco Unified Communications Manager (also known as the CallManager)."[13]
- "As another example, Cisco's VoIP Products include the Cisco Business Edition 6000, which is a 'Simple IP Phone System Plus Much More.'"[14]
- "Yet another example of Cisco's VoIP Products are its Cloud and Hybrid Collaboration Solutions, which provide cloud- and hybrid-based unified communication services using Cisco's Spark service."[15]
- "Yet another example is Cisco's Telepresence products."[16]

Straight Path also provides an underlined, boxed image of allegedly infringing Cisco products that use Session Initiation Protocol ("SIP"):[17]

> SIP support is available in Cisco Unified Communications Manager with support for line-side devices, including IETF RFC 3261-compliant devices available from Cisco and other manufacturers. Cisco SIP-compliant devices include the Cisco Unified IP Phone 7905G, 7912G, 7940G, and 7960G models. SIP is also available on the Cisco Unified IP Phone 7906G, 7911G, 7931G, 7941G, 7941G-GE, 7942G, 7945G, 7961G, 7961G-GE, 7962G, 7965G, 7970G, 7971G, 7975G, 8961, 9951, and 9971 models, as well as on the Cisco Unified IP Phone Expansion Module 7914 and Cisco Unified IP Color Key Expansion Module.
>
> The SIP trunk interface is available and conforms to RFC 3261, allowing support of video calls over the SIP trunk and improving

And Straight Path periodically refers to other products — for example, the Cisco IP Communicator 7.0,[18] and (as source information) user guides for Cisco's Unified IP Phone 8961 and 9951.[19]

At the June 15 hearing, Straight Path clarified its infringement theory. It explained that Cisco's UCS — as a system and a *product itself* — infringes the patents. It explained that the individual UCS subcomponents do not (on their own) infringe. And it argued that, based on this theory, it adequately identified the product (UCS) in its contentions.

The problem, though, is that the infringement contentions do not clearly provide the specificity and notice required to support this theory (and thus warrant the discovery) under Patent Local Rule 3-1. "[A]ll courts agree that the degree of specificity under Local Rule 3-1 must be sufficient

---

[13] *See, e.g.*, '469 Claim Chart – ECF No. 61-7 at 2.

[14] *Id.* at 3.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 4.

[18] *Id.* at 5.

[19] *Id.* at 15.

ORDER – No. 16-cv-03463-WHA    4

to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). "Rule 3-1 does not necessarily require the patent holder to produce evidence of infringement, but it must map specific elements of Defendants' alleged infringing products onto the Plaintiff's claim construction." *Id.* Straight Path's infringement contentions identify only a handful of specific subcomponents (see above), but its draft proposed amended contentions identify over fifty.[20] Even considered as a "system" theory of infringement, the court cannot say that the contentions provide adequate notice to warrant discovery into all of these subcomponents.

In any event, whether Straight Path's definition and product-model references adequately identify accused products beyond those in Cisco's interrogatory responses is not an issue properly before the court. *See Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011) (noting that "[t]he Local Rules required *specific* identification of particular accused products" and "did not tolerate broad categorical identifications like 'mobile devices running Android'" or "the use of mere representative examples") (emphasis in original); *Shared Memory Graphics LLC v. Apple Inc.*, No. C-10-02475 MMC (JSC), 2011 WL 3878388, at *4 (N.D. Cal. Sept. 2, 2011) (noting that "the specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement'") (internal quotations omitted). That issue is more appropriately raised in a fully briefed motion, for example, to challenge or to amend the infringement contentions.[21]

The scope of the contentions, though, could affect discovery. *Compare Kelora Sys., LLC v. Target Corp.*, No. C 11-01548 CW (LB), 2011 WL 5444419, at *2 (N.D. Cal. Nov. 9, 2011) (finding that the goal of Patent Local Rule 3-1, "which is to make discovery manageable, is best served by denying discovery for instrumentalities that were not accused in the preliminary

---

[20] *See* Letter Brief at 5; Draft Amended Contentions – ECF No. 61-12 at 4.

[21] *See* Letter Brief at 3 (Straight Path argues that it has "good cause" to amend its infringement contentions); Letter Brief, Exs. K–P (Straight Path's draft proposed amended infringement contentions, which include many specifically identified Cisco products).

ORDER – No. 16-cv-03463-WHA          5

infringement contentions"), *with Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-cv-01745-VC (KAW), 2015 WL 5897719, at * (N.D. Cal. Oct. 9, 2015) (noting that courts in the Northern District of California "have found that discovery of unaccused products is permissible if the plaintiff does not know of the allegedly infringing product when it serves its infringement contentions and could not have discovered the product absent discovery") (internal quotations omitted). And so the infringement-contention landscape must first settle (through a proper motion) before a proper discovery analysis can be completed.

2. **Indirect Infringement**

The parties also dispute the adequacy of Cisco's interrogatory responses about indirect infringement.[22] Like the accused-product dispute, Straight Path argues that its "infringement contentions and Complaint . . . contain detailed allegations supporting its allegation of indirect infringement," and Cisco argues that (notwithstanding allegations in the complaint), Straight Path's infringement contentions contain only a single, insufficient boilerplate assertion of indirect infringement.[23] And like the accused-product dispute, this issue goes to the adequacy of the pleadings (here, the contentions), not discovery, and is more appropriately raised in a fully briefed motion.

IT IS SO ORDERED.

Dated: June 19, 2017

LAUREL BEELER
United States Magistrate Judge

---

[22] *See id.* at 2–3, 4.
[23] *Id.*