IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STRAIGHT PATH IP GROUP, INC.,

    Plaintiff,

  v.

CISCO SYSTEMS, INC.,

    Defendant.

STRAIGHT PATH IP GROUP, INC.,

    Plaintiff,

  v.

APPLE INC.,

    Defendant.

No. C 16-03463 WHA
No. C 16-03582 WHA

**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND ORDER TO SHOW CAUSE**

Defendant Cisco Systems, Inc.'s administrative motion to redact parts of the summary judgment order dated November 13, 2017 (Case No. 16-3463, Dkt. No. 166), is **DENIED**. Cisco seeks to redact (1) the time interval at which registration data in its accused server expires and (2) one of three diagrams illustrating how its accused system works. Cisco claims this is "protected business information pertaining to the operation of Cisco's products . . . disclosure of [which] could give competitors insight into how Cisco products function, and . . . be used to mimic Cisco products to the detriment of Cisco" (*see id.*, Dkt. Nos. 166-1 ¶ 3, 166-4 at 10).

*First*, the same could be said of numerous other passages in the order — which Cisco did *not* seek to redact — that discuss the operation of Cisco's accused products. *Second*, the periodic updating of registration data is a common feature of systems like Cisco's, including Apple's accused system and systems in the prior art. For example, as described in the summary judgment order, other judicial opinions have discussed the use of such periodic updating in the prior art. Apple also did not seek to redact the time intervals used in its accused system from the summary judgment order. This indicates that the time intervals used in such systems generally do not derive competitive value from secrecy. Cisco has made no showing to the contrary and there is no reason to believe that Cisco's particular time interval is any more valuable than other publicly-known time intervals. On the other hand, details about Cisco's accused products are important to the public's ability to understand the merits of its case, including the summary judgment order's specific reasoning as to why Cisco does not infringe. In short, Cisco has not shown compelling reasons that outweigh the public's right to access.

Other than Cisco, no party in the above-captioned actions sought to redact the summary judgment order. That order will be filed on the public docket in its entirety in both actions unless Cisco obtains emergency relief from the Federal Circuit by **NOVEMBER 21 AT NOON**.

Previously, the parties in both actions vastly overreached in their administrative motions to file documents under seal in connection with summary judgment proceedings, as well as plaintiff Straight Path IP Group, Inc.'s motion to strike in Case No. 16-3463. By **NOVEMBER 21 AT NOON**, the movants in both actions shall **SHOW CAUSE**, in writing and with particularity, why any portion of those documents should remain under seal pursuant to *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and our Civil Local Rules, failing which the administrative motions will be denied in their entirety.

**IT IS SO ORDERED.**

Dated: November 16, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE