IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STRAIGHT PATH IP GROUP, INC.,

Plaintiff,

v.

CISCO SYSTEMS, INC.,

Defendant.

No. C 16-03463 WHA

**ORDER ON ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Both sides in this civil action have filed administrative motions to file under seal in connection with plaintiff Straight Path IP Group, Inc.'s motion to strike certain evidence by defendant Cisco Systems, Inc.'s damages expert. The underlying motion to strike has been mooted by the order granting summary judgment of noninfringement (*see* Dkt. No. 172 at 22). This order resolves the administrative motions (Dkt. Nos. 127, 136, 169).

In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To seal judicial records in connection with a dispositive motion requires "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *See id.* at 1178–79 (quotations and citations omitted). A particularized showing of "good cause," however, suffices to warrant sealing of judicial records in connection with a non-dispositive motion. *Id.* at 1179–80.

Straight Path originally moved to file Exhibits 1–3 to Brian Ledahl's declaration entirely under seal pursuant to Cisco's confidentiality designations (Dkt. No. 127). In response to an order to show cause, however, Cisco proposed far narrower redactions to Exhibit 1 to protect only limited confidential business information, disclosure of which Cisco claimed would harm its competitive standing, and the confidential business information of third parties (*see* Dkt. Nos. 170 ¶¶ 9–18, 170-1 ¶¶ 5–6). Cisco also continued to request on behalf of third parties that Exhibits 2 and 3 be filed entirely under seal to protect the third parties' confidential business information (*see* Dkt. No. 170 ¶¶ 19–20). Even if the underlying motion to strike had not been mooted, the limited information Cisco still seeks to redact would be of little or no significance to the parties' arguments. Under these circumstances, this order finds good cause to seal only the portions of Exhibit 1 redacted by Cisco in its response to the order to show cause (*see* Dkt. No. 170-4); the second page of Exhibit 2 (but not the first page, which is only a cover letter); and the entirety of Exhibit 3. Accordingly, Straight Path's administrative motion is **GRANTED IN PART** and **DENIED IN PART**. Straight Path shall file a revised redacted version of Exhibit 2 that fully comports with this order by **DECEMBER 20 AT NOON**.

Cisco originally moved to file Exhibits 1, 2, 3, and 6 to Jennifer Przybylski's declaration entirely under seal pursuant to Straight Path's confidentiality designations, to file under seal certain portions of Exhibit 5 pursuant to Cisco's own designation, and to file under seal certain portions of Cisco's opposition brief pursuant to both sides' designations (Dkt. No. 136). In its response to the order to show cause, however, Cisco continued to seek sealing of only limited portions of Exhibits 1 and 5 to protect the same types of information as discussed above. For the same reasons, this order finds good cause to seal the portions of Exhibits 1 and 5 redacted by Cisco in its response to the order to show cause (*see* Dkt. Nos. 170-5–170-6). Accordingly, Cisco's administrative motion is also **GRANTED IN PART** and **DENIED IN PART**. Cisco shall file unredacted versions of Exhibits 2 and 6, as well as a revised redacted version of its opposition brief, that fully comport with this order by **DECEMBER 20 AT NOON**.

Straight Path separately moved to file under seal only limited portions of Exhibit 3 to the Przybylski declaration that reveal specific payment and royalty terms in a patent license and

settlement agreement with a third party (Dkt. Nos. 169, 169-1 ¶ 5). This order also finds good cause to seal the portions of Exhibit 3 redacted by Straight Path (*see* Dkt. No. 169-4), and accordingly **GRANTS** Straight Path's administrative motion.

**IT IS SO ORDERED.**

Dated: December 13, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE