BAKER BOTTS L.L.P.
Wayne O. Stacy (SBN 314579)
wayne.stacy@bakerbotts.com
Sarah J. Guske (SBN 232467)
sarah.guske@bakerbotts.com
Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
101 California Street
36th Floor, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Attorneys for Defendant
CISCO SYSTEMS, INC.

DESMARAIS LLP
John M. Desmarais (*pro hac vice*)
jdesmarais@desmaraisllp.com
Justin P.D. Wilcox (*pro hac vice*)
jwilcox@desmaraisllp.com
Jordan N. Malz (*pro hac vice*)
jmalz@desmaraisllp.com
Steven M. Balcof (*pro hac vice*)
sbalcof@desmaraisllp.com
Jennifer Przybylski
jprzybylski@desmaraisllp.com
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

STRAIGHT PATH IP GROUP, INC.,

    Plaintiff,

v.

CISCO SYSTEMS, INC.,

    Defendant.

Case No. 3:16-CV-03463-WHA

**DEFENDANT CISCO SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS**

Honorable Judge William H. Alsup
Hearing Date: August 1, 2019
Hearing Time: 8:00 AM

# TABLE OF CONTENTS

**Pages**

I. INTRODUCTION ..................................................................................................1

II. THIS CASE IS 'EXCEPTIONAL' BECAUSE STRAIGHT PATH'S
INFRINGEMENT THEORY WAS MERITLESS, FRIVOLOUS, AND
UNREASONABLE. ..............................................................................................2

    A. Straight Path Does Not Dispute—Nor Can It—That Cisco's Accused Products
Do Not Determine Whether a Callee's Device Is Connected at the Time of the
Query..........................................................................................................2

    B. Straight Path's Infringement Theory Was Meritless Because it Was Not
"Reasonably Grounded in the Literal Words" of the Federal Circuit's Claim
Construction. ..............................................................................................3

    C. This Lawsuit Was Frivolous and Unreasonable Because Straight Path Was
"Playing Fast and Loose" by Asserting an Infringement Theory that Was
Inconsistent with Its Statements to the Federal Circuit. ...........................5

    D. Straight Path's Infringement Theory Was Objectively Meritless—The
Subjective and Biased Opinions of Its Declarants Fail to Overcome that Fact. .......7

III. STRAIGHT PATH'S LITIGATION CONDUCT WAS UNREASONABLE
BECAUSE THIS COURT DENIED STRAIGHT PATH'S MOTION TO AMEND
ITS CONTENTIONS TO IDENTIFY NEW PRODUCTS AND STRAIGHT PATH
INCLUDED THOSE PRODUCTS IN ITS EXPERT REPORTS ANYWAY. ..................9

IV. STRAIGHT PATH DOES NOT DISPUTE THAT CISCO'S REQUEST FOR FEES,
EXPENSES, AND COSTS IS REASONABLE GIVEN THIS CASE'S
COMPLEXITY......................................................................................................10

    A. The Lodestar Is Not the Only Basis Upon Which a Court May Award
Attorneys' Fees and Is Not Suited to Determine a Reasonable Fee in this Case...10

    B. Cisco Requests that the Court Assess the Entirety of Its Fees and Costs Under
Its Inherent Power Against Straight Path and Its Counsel Under 28 U.S.C. §
1927 Because this Case Should Have Never Been Filed......................................11

    C. Non-Taxable Costs Are Recoverable Under 35 U.S.C. § 285................................12

V. CONCLUSION......................................................................................................12

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Avid Tech., Inc. v. Harmonic, Inc.*,
    812 F.3d 1040 (Fed. Cir. 2016).................................................................................6

*Aylus Networks, Inc. v. Apple, Inc.*,
    856 F.3d 1353 (Fed. Cir. 2017).................................................................................6

*Cardpool, Inc. v. Plastic Jungle, Inc.*,
    817 F.3d 1316 (Fed. Cir. 2016).................................................................................6

*Cent. Soya Co. Inc. v. Geo. A. Hormel & Co.*,
    723 F.2d 1573 (Fed. Cir. 1983)...............................................................................12

*Fink v. Gomez*,
    239 F.3d 989 (9th Cir. 2001) ....................................................................................2

*Hamilton v. State Farm Fire & Cas. Co.*,
    270 F.3d 778 (9th Cir. 2001) ....................................................................................7

*Kilopass Tech., Inc. v. Sidense Corp.*,
    82 F. Supp. 3d 1154 (N.D. Cal. 2015) ...............................................................11, 12

*Mathis v. Spears*,
    857 F.2d 749 (Fed. Cir. 1988).................................................................................12

*Maxwell v. Angel-Etts of California, Inc.*,
    53 F. App'x 561 (Fed Cir. 2002) ............................................................................12

*New Hampshire v. Maine*,
    532 U.S. 742 (2001)..................................................................................................7

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    134 S. Ct. 1749 (2014).............................................................................................2

*Playtex Prods., Inc. v. Procter & Gamble Co.*,
    400 F.3d 901 (Fed. Cir. 2005)...................................................................................3

*Samsung Elecs. Co., v. Straight Path IP Group, Inc.*,
    696 F. App'x 1008 (Fed. Cir. 2017) .........................................................................6

*Straight Path IP Group, Inc. v. Sipnet EU S.R.O.*,
    806 F.3d 1356 (Fed. Cir. 2015)............................................................................1, 5

*Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*,
    549 F.3d 1381 (Fed. Cir. 2008)...............................................................................12

*Yufa v. TSI Incorporated*,
    No. 09-cv-01315-KAW, 2014 WL 4071902 (N.D. Cal. Aug. 14, 2014) ..........................12

**Statutes** **Pages**

28 U.S.C. § 1927................................................................................................2, 9, 11, 12

35 U.S.C. § 285 ............................................................................................................. passim

## I. INTRODUCTION

Contrary to Straight Path's revisionist history, this was not a run-of-the-mill patent case with a close call on infringement. In fact, this Court found Straight Path's infringement theory to be so "absurd" that it not only granted summary judgment of noninfringement in favor of Cisco, it also ordered Straight Path to show cause why it should not find this case to be exceptional under 35 U.S.C. § 285. On appeal, the Federal Circuit did not even issue an opinion, summarily affirming this Court's judgment.

Straight Path did not, as its Opposition suggests, assert a "reasonable" infringement theory that could have prevailed but for a difference of opinion over the correct application of the "is connected" limitation. *See* D.I. 212 ("Plaintiff's Opposition To Cisco Systems, Inc.'s Motion For Attorneys' Fees And Costs") ("Opp.") at 13, 21 n.6. From day one, Straight Path's infringement theory was **never** tenable because it knew that Cisco's accused products did not meet the straightforward timing requirement of the Federal Circuit's construction of "is connected"—"is connected to the computer network ***at the time that the query is transmitted to the server***." *Straight Path IP Group, Inc. v. Sipnet EU S.R.O.*, 806 F.3d 1356, 1363 (Fed. Cir. 2015) ("*Sipnet*") (emphasis added). Nor does it argue that it needed any discovery to understand that. As Straight Path concedes in its Opposition, Cisco's accused products do not determine whether a particular device is online at the time of the query. Opp. at 10–11. Undeterred by its lack of a factual basis to prove that the accused products determine online status at the time of the query, Straight Path asserted infringement against Cisco based entirely on events that occurred ***after*** the query is transmitted to the server—a theory that directly contradicted the very construction that it advocated to preserve the validity of the patents-in-suit on appeal from *inter partes* review proceedings.

Straight Path and its counsel acted in bad faith, or at a minimum, recklessly, by filing and prosecuting this case through summary judgment despite knowing that Cisco's accused products did not meet the simple timing requirement of the Federal Circuit's construction. As a result, Straight Path caused Cisco to defend against this baseless suit until the month before trial. Moreover, Straight Path compounded the harm to Cisco by adding 50 new accused products to its expert reports in violation of this Court's order denying Straight Path's motion to amend its infringement contentions

to add those products. For these reasons, the Court should (1) award attorneys' fees because this is an exceptional case under 35 U.S.C. § 285 and *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), (2) sanction Straight Path's counsel under 28 U.S.C. § 1927[1], and (3) award Cisco its non-taxable costs under the Court's inherent power.

Notably, Straight Path does not dispute the accuracy of Cisco's fee calculations or whether the amount of fees is reasonable for this action. Straight Path instead challenges the fee request only on the basis that Cisco did not apply the lodestar methodology for calculating fees. But the lodestar method is inapplicable here because Cisco engaged counsel based on fixed monthly fee arrangements, not hourly billing. Moreover, Straight Path fails to cite to any case from the Ninth Circuit or this District that limits fee requests to only the lodestar calculation method. In short, Cisco requests that the Court grant Cisco its reasonable attorneys' fees and costs as set forth in its opening brief.

## II. THIS CASE IS 'EXCEPTIONAL' BECAUSE STRAIGHT PATH'S INFRINGEMENT THEORY WAS MERITLESS, FRIVOLOUS, AND UNREASONABLE.

Straight Path attempts to cast the infringement inquiry in this case as a difficult question based on highly technical details of voice over Internet Protocol ("VoIP") communications. But in reality, and as this Court ruled on summary judgment, whether Cisco's products infringed is a simple matter of timing. Did the Cisco accused products determine whether a callee's device is connected to the network *at the time* the query is transmitted to the server? That answer has always been—no.

### A. Straight Path Does Not Dispute—Nor Can It—That Cisco's Accused Products Do Not Determine Whether a Callee's Device Is Connected at the Time of the Query.

Cisco's accused products do not determine whether an intended call recipient's phone is connected to the network until the recipient answers her ringing phone—*after* the time of the query.

---

[1] Straight Path asserts that for this Court to assess Cisco's fees and costs against its counsel pursuant to § 1927, Cisco must make a showing of "subjective bad faith." Opp. at 17–18. While, as Cisco demonstrates both in this reply and in its opening brief, Straight Path's counsel did act in bad faith, "subjective bad faith" is not the standard for establishing sanctions under § 1927 in the Ninth Circuit. To establish § 1927 sanctions against Straight Path's counsel, Cisco need only make a showing of recklessness conduct. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Therefore, even if this Court determines that Straight Path's counsel did not act in bad faith under its inherent authority, it should find that counsel acted recklessly by filing and continuing to litigate a lawsuit in conflict with controlling Federal Circuit precedent. And, in either scenario, the Court should hold Straight Path's counsel jointly liable for the entirety of Cisco's fees, expenses, and costs pursuant to § 1927.

In Cisco's accused products, after a caller dials a callee's phone number, her phone sends an INVITE message to a server. Under Straight Path's infringement theory, that INVITE message is the claimed "query." Because the server maintains only potentially stale registration information regarding the dialed phone, it cannot determine whether the callee's phone is currently connected. The server then sends a message to the callee's phone that causes it to ring. Then, if and when the ringing phone is answered, it sends a 200 OK message back to the server indicating that it is connected. Only at that point—*after* the server (1) received the INVITE message, (2) sent a message to the callee's phone, (3) the phone rang, (4) the callee answered her ringing phone, and (5) the callee's phone transmitted the 200 OK message to the server—do the Cisco accused products, according to Straight Path's infringement theory, determine whether the callee's phone is connected. As a simple matter of timing, that determination is made *after* the query was transmitted to the server—not *at the time* the query is transmitted to the server as required by the Federal Circuit's construction. For this straightforward reason, Cisco's accused products do not infringe the Patents-in-Suit.

### B. Straight Path's Infringement Theory Was Meritless Because it Was Not "Reasonably Grounded in the Literal Words" of the Federal Circuit's Claim Construction.

Straight Path repeatedly asserts that its infringement theory was reasonable. But it fails to present any rational explanation for asserting patents with a specific temporal limitation against products that indisputably do not meet that limitation.

Straight Path first argues that its theory was reasonable because Cisco's accused products "functioned consistent with the aims of Straight Path's patents." Opp. at 5–6. That argument has no basis in the law. "A determination of patent infringement consists of two steps: (1) the court must first interpret the claim, and (2) it must then compare the properly construed claims to the allegedly infringing device." *Playtex Prods., Inc. v. Procter & Gamble Co.*, 400 F.3d 901, 905–906 (Fed. Cir. 2005). "To prove infringement, the patentee must show that the accused device meets each claim limitation, either literally or under the doctrine of equivalents." *Id*. at 906 (citation omitted). It is the claims as properly construed that define the metes and bounds of a patent owner's rights. The "aim" of a patent is irrelevant to this analysis.

Straight Path next asserts that its theory was reasonable because the Federal Circuit did not

"restrict[] the mechanism or process by which the server must determine connection status." Opp. at 6. But Straight Path knows that to be wrong because it *asked* the Federal Circuit to do exactly that. To distinguish the patents-in-suit from the prior art, Straight Path urged the Federal Circuit to restrict the patents-in-suit to determining whether a dialed phone "is connected" "at the time the query is transmitted to the server." Straight Path's insistence that the "is connected" construction was not a restriction underscores the impropriety of its infringement theory in this case. Although Straight Path advocated a narrow construction of "is connected" to save its patents during the IPRs, it refused to be encumbered by the implications of that construction in this lawsuit. Through its argument that the Federal Circuit did not restrict the scope of the asserted claims, Straight Path once again seeks to evade the consequences of the construction that it specifically sought from the Federal Circuit.

Straight Path next tries to rationalize its theory with an analogy to a question about the temperature. Opp. at 7. Specifically, it argues that:

> Straight Path understood the [Federal Circuit's claim construction] to be akin to a question like: 'Is the temperature 75 degrees now?' when transmitted at 4:00 PM To answer such a question, one would need immediately to consult a thermometer, or check some other information, before responding either yes or no, based on the actual temperature at 4:00 p.m. The fact that the response might be determined at 4:01 p.m. by looking at the information that was current at 4:00 p.m. (the relevant time of the query) would not change the fact that the response matched the query by providing accurate information for the time of the query.

Opp. at 7. That analogy is irrelevant to the question of infringement in this case. The question here is not whether there is some time that elapses between querying the server for the connection status of a dialed phone and the return of that status information from the server. The question is whether the server or system as a whole even keep track of the connection status information—they do not. Thus, when Cisco's accused products send an INVITE message to a server, the connection status of the dialed phone is not known at that time.

Straight Path also argues that its flawed infringement theory was reasonable because Cisco endorsed it by agreeing to the Federal Circuit's claim construction without seeking any clarification regarding how the server determines whether a dialed phone "is connected." Opp. at 3, 6. That is a red herring. First, Cisco has never argued that the claims require the server to function in any way other than that which is required by the properly construed claims. Second, Cisco agreed to the Federal

Circuit's claim construction because it was controlling as a matter of law—not because Cisco agreed with Straight Path's understanding of that construction or its infringement theory. No need existed for Cisco to seek clarification, especially where the construction is clear and straightforward. In any event, Cisco moved for summary judgment of noninfringement at the appropriate time and prevailed based on the claim construction, which is not atypical in a patent case.

Straight Path's infringement theory was not reasonable because it never squared with the Federal Circuit's construction. The literal words of the Federal Circuit's construction require that the server determine whether a dialed phone "is connected" "at the time the query is transmitted to the server." As discussed above, the undisputed facts demonstrate that Cisco's accused products—under Straight Path's own infringement theory—do not determine whether a callee's phone "is connected" ***until after*** the query is transmitted and the ringing phone is answered.[2] There is no reasonable interpretation of the Federal Circuit's construction and timing requirement under which such products could infringe the patents-in-suit.

### C. This Lawsuit Was Frivolous and Unreasonable Because Straight Path Was "Playing Fast and Loose" by Asserting an Infringement Theory that Was Inconsistent with Its Statements to the Federal Circuit.

In the *Sipnet* and *Samsung*[3] IPRs, Straight Path represented to the Federal Circuit that the patents-in-suit are limited to a system in which the "is connected" status is determined "***at the instant in time*** when the first process . . . queries whether the second process is connected to the computer

---

[2] Cisco asserts in its opening brief that by pointing to the answering of a ringing phone as an indication that the phone itself is connected, Straight Path's infringement position attempts to read its patents on technology as old as the telephone itself. Br. at 12–13, 16. Straight Path takes issue with that argument because Cisco's accused products comprise voice over IP (VOIP) technology and do not operate over traditional phone lines. Opp. at 14–15. While true, Cisco's point remains the same. Straight Path's contention that Cisco's accused products satisfy the "is connected" limitations was based on a message (the 200 OK) that was sent after the callee answers the ringing phone. Even though other messages are exchanged between the various components, the crux of Straight Path's theory was based on the answering of a ringing phone. Regardless of the underlying communication technology, that functionality—the answering of a ringing phone as an indication that said phone is connected to the network—is as old as the telephone itself.

[3] Cisco is not, as Straight Path suggests (Opp. at 19), arguing that the *Samsung* decision, which issued well after this case began, could have informed Straight Path's decision to file the case against Cisco. Cisco is arguing that the *Sipnet* claim construction decision and the proceedings that led up to it underscored the lack of merit in Straight Path's infringement theory. And, the fact that Straight Path continued to litigate this case in spite of the *Samsung* proceedings is further evidence of bad faith.

network." Balcof Ex.[4] A, Straight Path Br., *Sipnet*, No. 2015-1212, D.I. 23 at 41–42 (emphasis added); *see Samsung Elecs. Co., v. Straight Path IP Group, Inc.*, 696 F. App'x 1008 (Fed. Cir. 2017). The "temporal dimension," Straight Path explained, "is a key part of the claimed invention." D.I. 164 at 5. Based on those representations, amongst others, the Federal Circuit adopted the narrow "is connected" construction, which preserved the validity of Straight Path's patents during the IPRs. Straight Path's infringement theory here completely contradicted those statements.

Straight Path asserts—without any supporting authority—that any inconsistency between its infringement theory and its arguments in the IPRs was reasonable because "the Federal Circuit never stated its construction was grounded in any disclaimer." Opp. at 9. As a threshold matter, the Court need not consider whether Straight Path's statements gave rise to estoppel because that doctrine does not appear to have formed the basis of its summary judgment decision. However, should the Court consider the doctrines of prosecution disclaimer and judicial estoppel in deciding Cisco's Motion for Attorneys' Fees and Costs, each doctrine would plainly estop Straight Path's infringement theory.

Straight Path's infringement claim against Cisco is prohibited by the doctrine of prosecution disclaimer. A party's statements as to claim scope give rise to prosecution disclaimer if those statements are clear and unmistakable. *See, e.g.*, *Avid Tech., Inc. v. Harmonic, Inc.*, 812 F.3d 1040, 1045–1046 (Fed. Cir. 2016) (holding that statements must be both clear and unmistakable to give rise to prosecution disclaimer). During the IPRs, Straight Path clearly and unmistakably represented that the "is connected" status must be determined "***at the instant in time*** when the query is transmitted to the server." *See Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017) (applying prosecution disclaimer to statements made during an IPR "whether before or after an institution decision"); *cf. Cardpool, Inc. v. Plastic Jungle, Inc.*, 817 F.3d 1316, 1323 (Fed. Cir. 2016) (applying estoppel to statements made to the Federal Circuit). Cisco's products do not make the "is connected" determination at the operative time, and therefore, fall outside the scope of the asserted claims after Straight Path's disclaimer during the IPRs.

Straight Path is also prohibited from taking inconsistent infringement and validity theories by

---

[4] All references to Balcof Ex. identify exhibits to the Declaration of Steven Balcof filed in support of Cisco System Inc.'s Brief In Support Of Its Motion For Attorneys' Fees And Costs (D.I. 210-1).

the doctrine of judicial estoppel. Courts invoke judicial estoppel not "only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citations and quotations omitted). Straight Path's actions in this litigation and before the Federal Circuit gave rise to judicial estoppel because it (1) took a position with respect to infringement that was inconsistent with the earlier position it took in the IPRs; (2) succeeded in persuading the Federal Circuit to adopt its earlier position; and (3) would have gained an unfair advantage in this litigation if not bound by that earlier position. *Hamilton*, 270 F.3d at 782–783; *see also New Hampshire v. Maine*, 532 U.S. 742, 750–751 (2001).

In sum, Straight Path was "playing fast and loose" by filing a lawsuit premised on an infringement theory that directly conflicted with its IPR positions. Pursuant to the doctrines of prosecution disclaimer and judicial estoppel, Straight Path should not have even filed this case. Its violation of both those doctrines provides yet another reason why this case was exceptional under 35 U.S.C. § 285 and *Octane Fitness*.

**D. Straight Path's Infringement Theory Was Objectively Meritless—The Subjective and Biased Opinions of Its Declarants Fail to Overcome that Fact.**

Straight Path filed two declarations in support of its assertion that its infringement theory was reasonable and asserted in good faith. D.I. 212-12, 212-13. The first declaration is provided by Marc Fenster, a member of Straight Path's trial team. The second declaration is provided by retired Federal Circuit Judge Paul R. Michel, who Straight Path retained to assist Mr. Fenster with his preparation for arguing Straight Path's appeal of this Court's summary judgment before the Federal Circuit. The subjective opinions of those two declarants have no bearing on whether Straight Path's infringement theory had any merit.

Mr. Fenster's declaration should be afforded no weight because his testimony lacks any objectivity on the issues at hand. Mr. Fenster's bias is apparent. For example, he is and has been lead counsel for Straight Path, he was the attorney who decided to file the case against Cisco, and his client and his firm may be found liable for millions of dollars as a result of Cisco's motion. D.I. 212-13 at

¶¶ 1–2. In addition, Mr. Fenster makes representations about his beliefs regarding complex legal and technical issues going back more than three years without any substantiating documentation. *Id.* at ¶¶ 5–18. For at least those reasons, this Court should not rely on Mr. Fenster's declaration.

Similarly, Judge Michel's declaration should not impact the Court's adjudication of Cisco's motion for a number of reasons. *First*, the Court cannot assess the credibility of Judge Michel's declaration because he failed to sufficiently define his relationship with Straight Path. While he states that he was retained by Straight Path to assist with preparations for oral argument (Michel Decl. at ¶ 1), he does not provide any information related to his compensation for those services. Nor does he state whether his declaration in support of Straight Path's opposition was provided in accordance with his retention or by choice. *Second*, Judge Michel makes a number of conclusive statements, but fails to substantiate any of them:

> I did not form any opinion that the arguments were objectively unreasonable or exceptionally weak, especially in light of the Federal Circuit case law on claim construction . . . I considered the arguments why the standards in the case law for establishing waiver or disclaimer of claim scope were not met by statements of counsel during the oral arguments in the IPR appeals, to have a reasonable chance of being accepted by the Federal Circuit . . . At no point did I discern any indication that the arguments to be made were being presented in bad faith.

Michel Decl. at ¶¶ 3-5. Judge Michel does not identify any of the material he considered in arriving at those conclusions. For example, he does not identify the "case law" he considered in forming his opinions regarding the strength of Straight Path's arguments. *Third*, Judge Michel states that he did not find Straight Path's arguments objectively unreasonable, but he does not identify what facts led to his conclusions. Absent any factual support, his declaration amounts to nothing more than his subjective opinion and should not outweigh the objective proof that Cisco's accused products do not infringe the patents-in-suit based on facts that were publicly available at the time the Complaint was filed.

The undisputed facts indicate that Cisco's accused products do not infringe the patents-in-suit. Straight Path and its counsel should have known that the accused products did not infringe prior to this case. The Federal Circuit construed "is connected" before Straight Path filed the Complaint and the information necessary to understand that Cisco's accused products do not infringe under that

construction was publicly available at that time. Neither Mr. Fenster nor Judge Michel provide any objective information upon which the Court can conclude that this litigation was objectively conducted reasonably and in good faith.

**III. STRAIGHT PATH'S LITIGATION CONDUCT WAS UNREASONABLE BECAUSE THIS COURT DENIED STRAIGHT PATH'S MOTION TO AMEND ITS CONTENTIONS TO IDENTIFY NEW PRODUCTS, AND STRAIGHT PATH INCLUDED THOSE PRODUCTS IN ITS EXPERT REPORTS ANYWAY.**

Cisco is not, as Straight Path suggests, "urg[ing] the Court to adjudicate [an] issue which the Court expressly declined to rule on." Opp. at 17. As Cisco detailed in its brief, the pertinent events are as follows: Straight Path sought to amend its infringement contentions to identify new products at a late stage in this case, the Court unequivocally denied that motion, and Straight Path proceeded to include those products in its infringement and damages reports anyway. In doing so, Straight Path disregarded the Patent Local Rules, this Court's authority, and the law of this District. For that reason, amongst others, Cisco requests that this Court determine that this case is exceptional under § 285 and sanction Straight Path and its counsel under its inherent power and 28 U.S.C. § 1927.

In its Opposition, Straight Path does not dispute that this Court denied its motion to amend or that its expert reports included products that were not identified in its infringement contentions. Instead, Straight Path reiterates the same justification—that it was not necessary to amend its contentions because they had implicitly covered the newly identified products all along—it offered for its untimely motion to amend its contentions, which this Court denied unequivocally:

> All right. The motion to amend is denied. It's too late. We're not going to do it....We're too close to trial, and it's a shifting sands. No. N-O. So the motion to amend against Cisco is denied.

D.I. 91 at 24:23–25:4.

Straight Path also argues that this Court did not resolve what universe of products was covered by its original contentions. The only support Straight Path offers for that claim, however, is the following statement by the Court: "If it only clarifies – I don't know what it does. I don't know what it does, but whether it's unnecessary or not, we'll find out later." D.I. 91 (7/20/2017 Hrg. Transcript at 24:24–25:4). That statement does not clearly indicate whether the Court was ruling on the issue of Straight Path's original contentions or not. Before Straight Path relied on that statement as a basis to

inject 50 new products into this case, it should have sought a clarification from the Court. Straight Path elected not to, unilaterally decided to include the newly identified products in its expert reports, and thereby forced Cisco to expend additional resources to address those products in its responsive reports.

In short, the explanation that Straight Path offers in its Opposition does not justify its disregard for this Court's authority, the Patent Local Rules, and the law of this District.[5]

### IV. STRAIGHT PATH DOES NOT DISPUTE THAT CISCO'S REQUEST FOR FEES, EXPENSES, AND COSTS IS REASONABLE GIVEN THIS CASE'S COMPLEXITY.

In its opening brief, Cisco provides a detailed accounting of its attorneys' fees, expenses, and costs in support of its request for $5,349,454.37. In addition, Cisco filed extensive supporting documentation to substantiate that request. Straight Path does not dispute Cisco's arithmetic, the types of expenses or costs Cisco seeks to recover, the amount of money that Cisco spent on those expenses and costs, the total amount of Cisco's total request, or any other aspect of Cisco's analysis. Straight Path does not argue that Cisco's financial proof is unreasonable in any way.

As explained below, Straight Path's two criticisms of Cisco's fee request are unavailing. Therefore, Cisco respectfully requests that this Court award the entirety of Cisco's requested attorneys' fees, expenses, and costs.

#### A. The Lodestar Is Not the Only Basis Upon Which a Court May Award Attorneys' Fees and Is Not Suited to Determine a Reasonable Fee in this Case.

The only criticism that Straight Path lodges against Cisco's financial justification is that it did not perform a lodestar analysis. But Straight Path does not cite a single case that states the lodestar is the sole basis upon which to calculate the reasonable fee. While lodestar has generally been considered the conventional approach for calculating a "reasonable fee," Cisco is unaware of—and Straight Path has not cited—any case in this Circuit that holds the lodestar is the exclusive method of calculating attorneys' fees. Moreover, another court in this District has explained that fee arrangements that are not based on the billable hour may also be considered. *Kilopass Tech., Inc. v. Sidense Corp.*, 82 F.

---

[5] Straight Path filed a declaration by its counsel, Brian Ledahl, in support of its claim that it was reasonable to include newly identified products in its expert reports. D.I. 212-1. Mr. Ledahl's statements echo Straight Path's arguments in its opposition and fail to justify Straight Path's conduct for the same reasons discussed above.

Supp. 3d 1154, 1167–1168 (N.D. Cal. 2015).

Cisco did not perform a lodestar because it did not pay for legal services on an hourly basis. Thus, any attempt to attribute hours to the fees charged in accordance with its monthly fixed-fee agreements would be an imprecise estimation at best. Instead, Cisco compared the fees it incurred in this litigation with fee awards in similarly situated patent cases, the AIPLA 2017 Report of the Economic Survey, and Apple's fees request in the related case. Cisco determined that its fee request is on par with all three of those bench marks. *See Kilopass*, 82 F. Supp. 3d at 1167 ("Negotiation and payment of fees by sophisticated clients are solid evidence of their reasonableness in the market.") (quotations omitted).

The *Kilopass* court acknowledged that arrangements between clients and outside counsel are no longer limited to the traditional billable hour model. Cisco employed a fixed monthly fee arrangement with its outside counsel in this case for a number of legitimate business reasons. Br. at 19. For these reasons, the lodestar is not applicable to the calculation of fees in this case.

**B.  Cisco Requests that the Court Assess the Entirety of Its Fees and Costs Under Its Inherent Power Against Straight Path and Its Counsel Under 28 U.S.C. § 1927 Because this Case Should Have Never Been Filed.**

Straight Path is correct that an award of fees and costs under 28 U.S.C. § 1927 and this Court's inherent power is limited to the excess financial burden attributable to the multiplicity of the proceedings resulting from the reckless and bad faith conduct. Opp. at 25. However, Cisco disputes that any apportionment is necessary here. Cisco asks that the Court assess the entirety of Cisco's costs and fees under its inherent authority and 28 U.S.C. § 1927 because as discussed above and in its opening brief, this litigation was meritless and unreasonable from the start.

To the extent, however, that the Court determines that an apportionment of Cisco's fees and costs is necessary, Cisco believes that it is entitled to fees and costs at least from February 2017 through the present. In February 2017, the parties submitted their joint claim construction chart, agreeing that the Federal Circuit's construction of "is connected" should control. Straight Path was aware that the Federal Circuit's *Sipnet* construction should control prior to filing this case—Straight Path discussed the *Sipnet* opinion in its Complaint and attached a copy as an exhibit. (*See* D.I. 1 at ¶ 22, D.I. 1-7.) At the latest, once the parties agreed on that construction, Straight Path and its counsel

should have been certain that Cisco's accused products did not infringe the patents-in-suit. Therefore, to the extent this Court determines that Cisco is not entitled to recover the entirety of its requested fees, expenses, and costs, Cisco requests that the Court award its fees, expenses, and costs back to February 2017.

### C. Non-Taxable Costs Are Recoverable Under 35 U.S.C. § 285.

Contrary to Straight Path's assertion in its opposition (Opp. at 24–25), non-taxable costs or expenses are recoverable under § 285. The Federal Circuit has "explicitly interpreted 'attorney fees' under § 285 to 'include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit.'" *Maxwell v. Angel-Etts of California, Inc.*, 53 F. App'x 561, 569 (Fed Cir. 2002) (*quoting Cent. Soya Co. Inc. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983)); *accord Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.,* 549 F.3d 1381, 1391 (Fed. Cir. 2008) *(citing Mathis v. Spears*, 857 F.2d 749, 759 (Fed. Cir. 1988)). Indeed, multiple courts in this District have awarded non-taxable costs pursuant to § 285. *Kilopass Tech., Inc.*, 82 F. Supp. 2d at 1174–1175; *Yufa v. TSI Incorporated*, No. 09-cv-01315-KAW, 2014 WL 4071902, at *8 (N.D. Cal. Aug. 14, 2014). In any event, Cisco also requests its non-taxable costs pursuant to the Court's inherent power. Therefore, Cisco's request for non-taxable costs is appropriate.

## V. CONCLUSION

For the reasons stated herein and in its opening brief, Cisco respectfully requests that the Court award attorneys' fees, reasonable expenses, and costs in the amount of $5,349,454.37 pursuant to 35 U.S.C. § 285, the Court's inherent authority, and 28 U.S.C. § 1927.

Dated: July 8, 2019

Respectfully submitted,

_____

BAKER BOTTS LLP
Sarah J. Guske (SBN 232467)
sarah.guske@bakerbotts.com
Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
Wayne O. Stacy (*pro hac vice*)
wayne.stacy@bakerbotts.com

DESMARAIS LLP
John M. Desmarais (*pro hac vice*)
jdesmarais@desmaraisllp.com
Justin P.D. Wilcox (*pro hac vice*)
jwilcox@desmaraisllp.com
Jordan N. Malz (*pro hac vice*)
jmalz@desmaraisllp.com
Steven M. Balcof (*pro hac vice*)
sbalcof@desmaraisllp.com
Jennifer Przybylski (*pro hac vice*)
jprzybylski@desmaraisllp.com


By:*/s/ Justin P.D. Wilcox*


**Attorneys for Defendant**
Cisco Systems, Inc.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically via ECF in compliance with Local Rule 5-5(a) on July 8, 2019. As such, this document was served on all counsel who have consented to electronic service.


*/s/ Justin P.D. Wilcox*
Justin P.D. Wilcox

DEFENDANT CISCO SYSTEMS, INC.'S REPLY IN SUPPORT OF
ITS MOTION FOR ATTORNEYS' FEES AND COSTS                13                Case No. 3:16-CV-03463-WHA