BAKER BOTTS L.L.P.
Wayne O. Stacy (SBN 314579)
wayne.stacy@bakerbotts.com
Sarah J. Guske (SBN 232467)
sarah.guske@bakerbotts.com
Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
101 California Street
36th Floor, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Attorneys for Defendant
CISCO SYSTEMS, INC.

DESMARAIS LLP
John M. Desmarais (*pro hac vice*)
jdesmarais@desmaraisllp.com
Justin P.D. Wilcox (*pro hac vice*)
jwilcox@desmaraisllp.com
Jordan N. Malz (*pro hac vice*)
jmalz@desmaraisllp.com
Steven M. Balcof (*pro hac vice*)
sbalcof@desmaraisllp.com
Jennifer Przybylski
jprzybylski@desmaraisllp.com
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | Case No. 3:16-CV-03463-WHA <br><br> **DEFENDANT CISCO SYSTEMS, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS AND REQUEST THAT THE MICHEL DECLARATION BE STRICKEN** |

**TABLE OF CONTENTS**

**Pages**

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ...................................................................................................2

    A. Judge Michel's General Work As A Consultant.......................................2

    B. Judge Michel's Limited Involvement In This Case..................................2

    C. The Court Ordered Deposition of Judge Michel......................................3

III. ARGUMENT - THE MICHEL DECLARATION SHOULD BE STRICKEN AS IMPROPER EXPERT OPINION TESTIMONY. ..................................................3

    A. The Michel Declaration Does Not Meet the Requirements of Rule 26. ...................4

    B. The Michel Declaration Does Not Meet the Requirements of Rule 702. ................5

        1. The Michel Declaration Will Not "Help This Court to Understand the Evidence or to Determine a Fact in Issue."..................................5

            a. Judge Michel's Opinion Based On "Specialized" Legal Knowledge Constitutes Impermissible Advocacy From the Witness Stand on the Ultimate Legal Issues...................................5

            b. Judge Michel's Opinions About the Strength of Straight Path's Rejected "Ringing Telephone" Infringement Theory Should Be Stricken Because He Lacks the Necessary "Technical" Knowledge To Offer Such An Opinion. ..........................................6

        2. The Michel Declaration Is Not Based On Sufficient Facts or Data and Is Not the Product of Reliable Principles or Methods That Have Been Reliably Applied To the Facts of this Case. ..............................................8

            a. The Declaration Cites No Facts or Data. ........................................8

            b. The Declaration Is Not the Product of Reliable Principles or Methods—It Was Merely a "Prediction" of an Appellate Outcome—Which Turned Out To Be Incorrect. ............................9

IV. CONCLUSION....................................................................................................10

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Base v. FCA US LLC*,
    Case No. 17-cv-01532-JCS, 2019 WL 1117532 (N.D. Cal. March 11, 2019) .................... 9

*Citcon USA LLC v. RiverPay Inc.*,
    Case No. 18-cv-02585-NC, 2019 WL 2603219 (C.D. Cal. June 25, 2019) ...................... 10

*Competitive Technologies, Inc. v. Fujitsu Ltd.*,
    333 F.Supp.2d 858 (N.D. Cal. 2004) ................................................................................ 9

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ...................................................................................................... 5, 9

*Highmark Inc. v. Allcare Health Management System, Inc.*,
    572 U.S. 559 (2014) ......................................................................................................... 6

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014) ......................................................................................................... 5

*Straight Path IP Group, LLC v. Apple Inc.*,
    Nos. 18-1491, 18-1492, D.I. 86 (Fed. Cir. January 23, 2019) ....................................... 2, 7

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
    550 F.3d 1356 (Fed. Cir. 2008) ................................................................................ passim

*TVIIM, LLC v. McAfee, Inc.*,
    851 F.3d 1356 (Fed. Cir. 2017) ........................................................................................ 8

**Statutes**

35 U.S.C. § 285 ........................................................................................................................... 5

Pursuant to this Court's Order Setting Briefing Schedule Re Deposition of Honorable Paul Michel (Ret.) (D.I. 220), Cisco Systems, Inc. ("Cisco") hereby submits this supplemental brief in support of its Motion for Attorneys' Fees and Costs and requests that this Court strike the Declaration of Judge Michel (the "Michel Declaration") (D.I. 212-12).

## I.   INTRODUCTION

In his one-page declaration, Judge Michel offers the opinion that based on his knowledge of both Federal Circuit precedent and the "habits" of the members of the Federal Circuit, Straight Path's now twice-rejected ringing telephone infringement theory had a chance of success on appeal. Judge Michel himself refers to his declaration as merely a "prediction" of the outcome of a court case, and readily admits his opinion declaration did not even try to comply with Federal Rules 26 and 702, which govern opinion testimony. It is improper for Straight Path to submit and attempt to rely upon a declaration containing no facts or analysis, nor even purporting to follow any reliable method accepted in the field, in support of its opposition to Cisco's motion. Judge Michel all but admitted as much in his deposition. In particular, he admitted although his declaration was submitted in response to Cisco's motion for fees, he did not even read Cisco's motion, brief, exhibits, or any of the materials supporting Cisco's fee application. Moreover, although he opines on Straight Path's ringing telephone infringement theory, he admitted at his deposition that he did not consider the validity implications if that "breathtakingly" broad interpretation of the patents-in-suit were accepted. Finally, he admitted, on several occasions, that Judge Alsup was in the best position to assess the merits of the fees motion and he was not trying to substitute his judgement for Judge Alsup's. In sum, Straight Path is using the Michel Declaration for unsupported and impermissible legal "advocacy from the witness stand"—not admissible expert opinion testimony. *See, e.g., Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364-1365 (Fed. Cir. 2008).

The court should strike the declaration for three reasons. ***First***, Straight Path has not met the disclosure requirements for submitting expert opinion testimony set forth in Federal Rule of Procedure 26 ("Rule 26"). ***Second***, Straight Path's submission of the Michel Declaration does not comply with Federal Rule of Evidence 702 ("Rule 702") because it will not "help this court to understand the evidence or to determine a fact in issue." And, ***third***, Straight Path's submission of the Michel

Declaration does not comply with Rule 702 because it is not based on sufficient facts or data and is not the product of reliable principles or methods that have been reliably applied to the facts of this case. Therefore, the Court should strike the Michel Declaration, or at a minimum, afford it no weight in ruling on Cisco's motion for attorneys' fees.

## II. BACKGROUND

### A. Judge Michel's General Work As A Consultant

Judge Michel retired from the Federal Circuit in 2010. Ex. A[1] 8:13-17. Since retiring from the bench, Judge Michel has worked as a consultant helping parties involved in patent litigation by giving them legal advice. *Id.* 8:18-22. For those services, he charges a rate of $2,000 per hour. *Id*. 14:21-15:1 Prior to this case no party has ever attempted to submit and rely upon a declaration from Judge Michel on the ultimate issue of whether to award attorneys' fees or sanctions. *Id.* This is a first.

### B. Judge Michel's Limited Involvement In This Case

In December 2018, Straight Path trial counsel Mark Fenster retained Judge Michel for consulting in connection with the appeal of this case Ex. B ¶ 1. Specifically, Mr. Fenster retained Judge Michel to help prepare for Straight Path's oral argument in the Federal Circuit appeal of this Court's summary judgment decision. *Id*. In connection with that engagement, Judge Michel spent about fourteen hours reviewing the appellate briefs and appendix and met with Mr. Fenster in January for between ten and fifteen hours to help him prepare for his appellate argument. Ex. A 127:19-128:22. He has not yet billed Straight Path for his time, but he plans to do so. *Id*. 14:2-7. That appeal resulted in a Rule 36 Summary Affirmance of this Court's summary judgment decision. *Straight Path IP Group, LLC v. Apple Inc.*, Nos. 18-1491, 18-1492, D.I. 86 (Fed. Cir. January 23, 2019).

On June 26, 2019, after this Court ordered briefing on whether to shift attorney fees in this case, Mr. Fenster contacted Judge Michel to inquire whether he would submit a declaration about his "impressions from January," when he prepared Mr. Fenster for the oral argument. *Id*. 27:2-8. Although he agreed to submit a declaration to oppose Cisco's fee application, Straight Path did not ask Judge Michel to, and he did not, do any new work, review any of the parties' briefing, exhibits, or

---

[1] Unless otherwise stated, all citations to exhibits refer to exhibits to the September 12, 2019 declaration of Steven M. Balcof submitted in support of this brief.

argument on the fees issue, nor review the District Court record on the issue. Mr. Fenster wrote the first draft of the Michel Declaration. *Id.* 28:4-20. Judge Michel re-drafted the final declaration but portions of the final document "reflect" Mr. Fenster's draft. *Id.* 34:14-23. On July 1, Straight Path filed Judge Michel's declaration in support of its opposition to Cisco's Motion for Attorneys' Fees and Costs ("Fees Motion"). Ex. B.

### C. The Court Ordered Deposition of Judge Michel

On August 6, this Court inquired whether Cisco (and Apple Inc.) desired an opportunity to depose Judge Michel. (D.I. 218.) On August 7, Cisco filed a notice requesting to take Judge Michel's deposition. (D.I. 213.) On August 8, this Court granted Cisco's request, ordering that Judge Michel be made available for deposition within three weeks and setting a supplemental briefing schedule. (D.I. 220.) Pursuant to that order, Cisco[2] deposed Judge Michel on August 29. Ex. A 1:19.

## III. ARGUMENT - THE MICHEL DECLARATION SHOULD BE STRICKEN AS IMPROPER EXPERT OPINION TESTIMONY.

The Michel Declaration sets forth Judge Michel's legal opinions based on his "knowledge of Federal Circuit precedent on claim construction and on the requirements of disclaimer" (Ex. A 49:14-24) and the "habits" of members of the Federal Circuit (*id.* at 81:5-11). Because his opinions are based on specialized knowledge, Judge Michel's opinions constitute expert opinion testimony. As a result, the Michel Declaration is subject to the standards set forth in Rule 26, Rule 702, and the precedent that has developed in the years since the Supreme Court's seminal *Daubert* decision.

The declaration Straight Path submitted from Judge Michel does not meet even the minimum requirements for admissible expert testimony. Perhaps sensing this shortcoming, at his deposition, Judge Michel attempted to rationalize the non-compliance with these requirements by parsing the word "opinion":

> Q. Weren't you giving opinions about whether or not Straight Path's infringement claim will be successful at the Court of Appeals?
>
> A. I was making a prediction. You choose to use the word "opinion," but I find that a little confusing, because an opinion letter by an attorney to a client is one thing and a [sic] expert opinion and testimony is another thing. I don't think that what I wrote in the declaration is comparable to either of those, and that's why it seems, to me, that the

---
[2] Apple Inc. also deposed Judge Michel on August 29, 2019.

> word "prediction" is a more accurate way to characterize it. But as I said at the outset, I don't want to quarrel with you about the semantics of your calling it an "opinion." In the colloquial sense of the word, it's an opinion. It seems, to me, it's more accurately described as a prediction, but we can leave it there.

*Id.* 87:23-88:15. There is no exception from the Federal Rules for opinions that are "predictions." Predictions are opinions about what the future might bring, but they are opinions nonetheless, and need to comply with the Federal Rules about opinion testimony. Because the Michel Declaration does not comply with either Rule 26 or Rule 702, the Court should strike the declaration.

### A. The Michel Declaration Does Not Meet the Requirements of Rule 26.

Rule 26(2)(B) provides that a party most provide a written report for any witness who is "retained or specially employed to provide expert testimony. Rule 26 sets forth the disclosures that must be provided in such a report: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

**At his deposition, Judge Michel admitted that his declaration does not meet any of these requirements:**

> Q. [Y]ou agree that your declaration doesn't apply with Rule 26?
>
> A. Yes, that -- that's certainly true.

Ex. A 54:14-16. Straight Path's submission of the Michel Declaration fails to satisfy Rule 26(2)(B) subsections (i)-(iii) because nowhere is there a description of the basis and reasons for Judge Michel's opinions, the facts or data he considered in forming them, nor any supporting exhibits. *See* Ex. B ¶¶ 2-5. Instead, the declaration consists of only Judge Michel's conclusory opinions on ultimate issues. Straight Path's submission of the Michel Declaration similarly fails to satisfy subsections Rule 26(2)(B) (iv)-(vi) because it does contain any of the required background information or the terms of his engagement with Straight Path or its counsel.

For these reasons, Straight Path's attempt to use the Michel Declaration fails to comply with the disclosure requirements of Rule 26, and should be stricken on that basis alone.

### B. The Michel Declaration Does Not Meet the Requirements of Rule 702.

Rule 702 provides that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. "[T]he Rules of Evidence—especially Rule 702—[ ]assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). **Similar to Rule 26, Straight Path did not even try to comply with Rule 702:**

> Q. And you would -- you wouldn't fall in the category of "scientific" or "technical"; you would be in the category of "other specialized knowledge," if [Rule 702] applied. Is that right, sir?
>
> A. Well, I don't know. I -- I consider that my opinions as reflected in my declaration are in the nature of a predictor, a handicapper, if you will, as to whether the arguments in the briefs and planned to be made by Mr. Fenster had a reasonable chance of being accepted by the Federal Circuit. So it doesn't seem, to me, that my predictive judgments fit into either Rule 26 or Rule 702, but that's for somebody else to decide. But I didn't consider that I was the sort of expert that those two rules seem, to me, to be addressing.

Ex. A 80:6-22.

#### 1. The Michel Declaration Will Not "Help This Court to Understand the Evidence or to Determine a Fact in Issue."

##### a. Straight Path's reliance on Judge Michel's "Specialized" Legal Knowledge Constitutes Impermissible Advocacy From the Witness Stand on the Ultimate Legal Issues.

"The court, in its role as gatekeeper, must exclude expert testimony . . . which invades the province . . . of the court to make ultimate legal conclusions." *Sundance, Inc.*, 550 F.3d at 1364. That role is especially critical here, where this Court must determine whether this case is 'exceptional' under 35 U.S.C. § 285—a question of law firmly within this Court's discretion. A district court makes exceptional case determinations "in the case-by-case exercise of [its] discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *see also* Ex. A 94:12-16 (Judge Michel agreeing that it is within this Court's discretion to

determine whether this case is 'exceptional'). That determination is reviewed for an abuse-of-discretion, and not a higher standard, because the district court is better positioned to judge whether a case is 'exceptional.' In particular, the district court lives with cases "over a prolonged period of time" and the question of whether a case is 'exceptional' is "multifarious and novel, not susceptible to useful generalization of the sort that de novo review provides." *Highmark Inc. v. Allcare Health Management System, Inc.*, 572 U.S. 559, 564 (2014); *see also* Ex. A 99:21-100:7 (Judge Michel agreeing with the cited passage of *Highmark*).

Here, Judge Michel readily acknowledged that the District Court is in a better position than he is to assess fees. Ex. A 98:12-23, 100:13-16. Indeed, Judge Michel acknowledged that he does not purport to be "in a superior position" to determine whether fees should be awarded in this case (*id.* 98:12-23), conceding that this Court has "a broader and deeper knowledge of many aspects of the case than [he does], and in many cases, [he has] no knowledge of certain aspects." *Id.* 100:13-16. This is not surprising as he was not even asked to review the fee briefs, exhibits, or record below on the issue. Nonetheless, Straight Path had Judge Michel opine on those exact issues, namely that he "did not form any opinion that the arguments were objectively unreasonable or exceptionally weak, especially in light of the Federal Circuit case law on claim construction" and "[a]t no point did [Judge Michel] discern any indication that the arguments to be made were being presented in bad faith." Ex. B ¶¶ 4-5.

Because the Michel Declaration addresses the exact legal issues that this Court must decide but provides no support—factual or otherwise—nor any analysis at all for the Court's consideration, it is improper "advocacy from the witness stand"—not permissible expert opinion testimony. *Sundance*, 550 F.3d at 1364-1365. As such, the declaration should be stricken, or at a minimum, not be considered by the Court in analyzing whether this case is exceptional. *See id*.

        **b.** **Judge Michel's Opinions About the Strength of Straight Path's Rejected "Ringing Telephone" Infringement Theory Should Be Stricken Because He Lacks the Necessary "Technical" Knowledge To Offer Such An Opinion.**

Judge Michel's expertise is in his legal experience. He is not "a scientist, or an engineer . . . or a specialist in any particular technology." Ex. A 10:3-7. Judge Michel does not have any training in

"voice over IP telephony"—the field of the patents-in-suit—and he is not an expert in Session Initiation Protocol—the telephony protocol used in Cisco's products (*id.* 76:20-22) or the "precise operation of the Cisco system" (*id.* 165:4-10). He did not, for example, know what "off hook" meant in the call flow diagram on which Straight Path relied to demonstrate Cisco's purported infringement. Ex. A 158:3-12. Because Judge Michel has no relevant technical expertise, he is not qualified to offer an expert opinion on Straight Path's infringement theory or the relative strength of that theory. *See Sundance*, 550 F.3d at 1362-1365.

Judge Michel's opinion of whether Cisco's products infringe the patents-in-suit is based entirely on the theory advanced by Straight Path and its technical expert that answering a ringing phone is a Straight Path invention. *See* Ex. A 161:24-162:9. This Court rejected that theory as "absurd" when it granted summary judgment of noninfringement, and the Federal Circuit summarily affirmed employing Rule 36 (a rule regularly used for frivolous appeals). D.I. 164 14:16-17; *Straight Path IP Group, LLC*, Nos. 18-1491, 18-1492, D.I. 86. And while Judge Michel claims to have adopted the theory as his own, he was forced to admit that he was unable to find explicit support for Straight Path's ringing phone theory in the specification of the '704 patent—one of the patents-in-suit:

> Q. And there's no embodiment in the patent where the embodiment is a caller calling someone and the callee picking up the phone is the indication that they were online at the time of the call, right?
>
> A. It's not that specific. I would deduce that the Column 10, Figure 8 descriptors could comprehend that, but it doesn't talk about a phone being answered. You're certainly correct about that. It just doesn't have that level of specificity in it.

*Id.* 172:13-23.

Judge Michel's declaration is also deficient because he was not even asked to consider, nor did he opine on, the validity implications of the "breathtakingly" broad ringing phone infringement theory—a point this Court focused on in its summary judgment order:

> Q. Now, when we look at your declaration, the -- I notice it doesn't give any opinions on whether Straight Path's claims would be valid if Straight Path's interpretation of the infringement issue was correct. Is that right? You don't address validity in your declaration?
>
> A. No, I did not address validity in my declaration.
>
> Q. So if we look at Judge Alsup's opinion, which is Exhibit 9, and we look on the bottom of Page 13, paragraph starting at Line 25, Judge

> Alsup concludes, Second, Straight Path's infringement theory would expand its narrowly preserved infringement theory into one of breathtaking scope. Do you see that?
>
> A. I do.
>
> Q. You don't address that in your declaration, right?
>
> A. No.

*Id.* 71:10-72:5.

> Q. Okay. Now let's go back to what I was asking you about, which is on Page 14, Line 7. Judge Alsup writes, Third, this expansion to Straight Path's infringement theory rests on a premise so patently obviousness -- so patently obvious, it cannot possibly be the key to the claimed invention. Do you see that?
>
> A. I see that.
>
> Q. And you don't address – address validity or obviousness in your declaration, do you?
>
> A. No. As I said before, I didn't address in any way validity in the declaration.

*Id.* 77:11-22. It is axiomatic that patent claims must be interpreted the same way for infringement and validity (*see TVIIM, LLC v. McAfee, Inc.,* 851 F.3d 1356, 1362 (Fed. Cir. 2017))—Judge Michel's opinion on the merits of Straight Path's ringing telephone infringement theory is meaningless without considering whether such a theory would itself invalidate the patents-in-suit.

The lack of technical qualifications, detailed technical analysis, or consideration of validity implications of the same flawed and overbroad infringement theory that was rejected both by this Court and the Federal Circuit in the Michel Declaration render it unreliable. *See Sundance*, 550 F.3d at 1362-1365.

### 2. The Michel Declaration Is Not Based On Sufficient Facts or Data and Is Not the Product of Reliable Principles or Methods That Have Been Reliably Applied To the Facts of this Case.

#### a. The Declaration Cites No Facts or Data.

The Michel Declaration is one page containing five numbered paragraphs. *See* Ex. B ¶¶ 1-5. It contains conclusory opinions but does not cite or reference supporting facts or data.

In fact, Judge Michel testified that he was never asked to, nor did he consider the critical facts necessary to offer an informed opinion on the issues of exceptional case and sanctions for bad faith litigation. Significantly, Judge Michel did not read the fees briefs or exhibits (Ex. A 35:19-36:2) nor

DEFENDANT CISCO SYSTEMS, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS     8     CASE NO. 3:16-CV-03463-WHA

did he "stud[y] the proceeding from beginning to end in the District Court." *Id.* 42:20-22. Therefore, he "didn't have any knowledge and . . . couldn't take any position" on what Straight Path had done in the past regarding its infringement position or on Straight Path's conduct in the District Court. Ex. A 42:16-24; *see also* 95:15-25. Furthermore, Judge Michel did not review any technical materials beyond those in the appellate appendix and a declaration from Straight Path's technical expert. For example, he did not review the expert reports in this case (*id.* 36:7-18) or Cisco source code or manuals that describe the functionality of Cisco's products (*id.* 36:20-37:1).

Because Judge Michel did not learn or analyze the critical aspects of this case relevant to Cisco's attorneys' fees motion—or cite them in his declaration—he cannot offer expert opinion testimony that will "help this court to understand that evidence or to determine a fact in issue" under Rule 702(a). For that reason, his declaration should be stricken. *See Daubert*, 509 U.S. at 591.

### b. The Declaration Is Not the Product of Reliable Principles or Methods—It Was Merely a "Prediction" of an Appellate Outcome—Which Turned Out To Be Incorrect.

Judge Michel's declaration memorializes his recollection of the purported favorable "predictions" he made while working with Mr. Fenster on his appellate argument. Ex. A 83:14-20. Judge Michel testified that the bases for those "predictions" were his knowledge of Federal Circuit precedent and of the "habits" of members of the Federal Circuit. *Id.* 81:5-11. Speculation based on one individual's interpretation of case law and the "habits" of judges does not constitute a reliable principle or method for assessing the strength of Straight Path's infringement case or its litigation misconduct. *Base v. FCA US LLC*, Case No. 17-cv-01532-JCS, 2019 WL 1117532, at *5 (N.D. Cal. March 11, 2019) (excluding expert testimony that was conclusory, speculative, and not based on any reliable methodology); *Competitive Technologies, Inc. v. Fujitsu Ltd.*, 333 F.Supp.2d 858, 881 (N.D. Cal. 2004) (excluding expert testimony regarding a methodology that the offering party had not established was reliable rather than speculative). Also, not only was the Michel Declaration "prediction" that the Federal Circuit would be receptive of Straight Path's arguments not "reliable," it was wrong. The Federal Circuit summarily affirmed this Court's summary judgment (*Straight Path IP Group, LLC*, Nos. 18-1491, 18-1492, D.I. 86)—a measure Judge Michel himself said has been used for frivolous appeals in the past. Ex. A 20:21-23:25.

Because the opinions expressed in the Michel Declaration are not based on reliable principles or methods, they should be stricken. *Citcon USA LLC v. RiverPay Inc.*, Case No. 18-cv-02585-NC, 2019 WL 2603219, at *3 (C.D. Cal. June 25, 2019) (finding a declaration from an attorney inadmissible and disregarding it in part because the party offering the declaration failed to show that the opinion was based on sufficient data or that it was formed reliably under Rule 702(b)-(d)).

## IV. CONCLUSION

For the reasons set forth herein, Cisco respectfully requests that the Court strike the Michel Declaration, or at a minimum, not consider Judge Michel's testimony in connection with rendering its decision on Cisco's motion for attorneys' fees.

Dated: September 12, 2019

Respectfully submitted,

 */s/ Justin P.D. Wilcox*
BAKER BOTTS LLP
Sarah J. Guske (SBN 232467)
sarah.guske@bakerbotts.com
Jeremy J. Taylor (SBN 249075)
jeremy.taylor@bakerbotts.com
Wayne O. Stacy (*pro hac vice*)
wayne.stacy@bakerbotts.com

DESMARAIS LLP
John M. Desmarais (*pro hac vice*)
jdesmarais@desmaraisllp.com
Justin P.D. Wilcox (*pro hac vice*)
jwilcox@desmaraisllp.com
Jordan N. Malz (*pro hac vice*)
jmalz@desmaraisllp.com
Steven M. Balcof (*pro hac vice*)
sbalcof@desmaraisllp.com
Jennifer Przybylski (*pro hac vice*)
jprzybylski@desmaraisllp.com


**Attorneys for Defendant**
*CISCO SYSTEMS, INC.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically via ECF in compliance with Local Rule 5-5(a) on September 12, 2019. As such, this document was served on all counsel who have consented to electronic service.

                                               */s/ Justin P.D. Wilcox*
                                               Justin P.D. Wilcox