IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC., | No. C 16-03463 WHA |
| Plaintiff, | No. C 16-03582 WHA |
| v. | |
| CISCO SYSTEMS, INC., | |
| Defendant. | **ORDER RE ATTORNEY'S FEES AND COSTS AND APPOINTMENT** |
| STRAIGHT PATH IP GROUP, INC., | **OF SPECIAL MASTER** |
| Plaintiff, | |
| v. | |
| APPLE INC., | |
| Defendant. | |

A companion order granted defendants' motion for attorney's fees and expenses but reserved the question of amount. The parties dispute whether the amounts sought by defendants are justified. This order concludes this dispute is suitable for referral to a special master pursuant to Federal Rule of Civil Procedure 53, using the following procedure:

1. The Court is inclined to appoint **MATT BORDEN**, one of the undersigned judge's former law clerks, as the special master for this dispute. By special accommodation of the Court, Attorney Borden has agreed to provide this service at the reduced rate of $200 per hour. By **NOVEMBER 25 AT NOON**, each side shall submit a statement with any objection to the

appointment, including any suggestions for alternative candidates or further request to be heard. If neither side objects, then the Court will proceed with the appointment as described herein.

2. Defense counsel shall provide the special master with an itemized accounting for unreimbursed expenses listed as "Travel" and "Expert Witness Fees." Travel must be broken down into at least the following categories: air transportation, ground travel, meals, and lodging. Counsel may include additional categories, if necessary. Within each category, each expense must be listed, including date, description, and cost. Professional fees may be broken down into separate categories if counsel deems appropriate. The date, description, and cost for each expense incurred, such as the fee paid to an expert to produce an expert report on a specific issue, must be listed for all professional fees. A declaration including this information must be filed concurrent with class counsel's motion for attorney's fees and costs.

Counsel must also provide the special master a detailed declaration, organized by discrete projects, breaking down all attorney and paralegal time sought to be recovered. For each project, there must be a detailed description of the work, giving the date, hours expended, attorney name, and task for each work entry, in chronological order. A "project" means a deposition, a motion, a witness interview, and so forth. It does not mean generalized statements like "trial preparation" or "attended trial." It includes discrete items like "prepare supplemental trial brief on issue X." The following is an example of time collected by a project.

PROJECT: ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|---|---|---|---|---|---|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC at deposition. | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition. | 8.5 | $200 | $1700 |
| | | Project Total: | 16.5 | | $2,950 |

All entries for a given project must be presented chronologically one after the other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily grasped. Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause. Please show the sub-totals for hours and fees per project, as in the example above, and show grand totals for all projects combined at the end. Include only entries for which compensation is sought, *i.e.*, after application of "billing judgment." For each project, the declaration must further state, in percentage terms, the proportion of the project directed at issues for which fees are awardable and must justify the percentage. This percentage should then be applied against the project total to isolate the recoverable portion (a step not shown in the example above).

A separate summary chart of total time and fees sought per individual timekeeper (not broken down by project) should also be shown at the end of the declaration. This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the overall case.

The declaration must also set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised. On the latter point, as before, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth. These adjustments need not be itemized but totals for the amount deleted per timekeeper should be stated. The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared. It must state the extent to which any entries include estimates (and what any estimates were based on). Estimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances.

Ordinarily, no more than one attorney and one paralegal need be present at a deposition; more will normally be deemed excessive. Ordinarily, no more than one attorney need attend a

law-and-motion hearing; more will normally be deemed excessive. To allow for symmetry, however, the award will take into account the staffing used by the opposing party.

3. The special master shall review the briefs and declarations by the parties, hear argument, and then determine a reasonable amount to award, including any fees on fees. The special master shall also determine the extent to which any discovery should be permitted — with the caution that further discovery should be the exception and not the rule. The special master shall then prepare and file a report on recommended findings and amount.

4. Except for any supplementation allowed by the special master, the foregoing submissions shall be the entire record for this dispute. There will be no further briefing unless allowed by the special master. After the special master's appointment, any further submissions solely for the special master's use should not be filed with the Court. If objections are later made to the special master's report, then the objecting party must file a declaration submitting to the Court a complete appendix of relevant communications with the special master.

5. The special master shall include in his report a recommendation for allocating his fees among the parties, taking into account the equities and merits of both sides' respective positions in this dispute.

6. The special master shall identify each item requested that bears little or no relation to the conduct found exceptional herein. For example, all work on the '208 patent had no connection to the about-face representations at summary judgment made by Straight Path leading to the finding of exceptionality.

**IT IS SO ORDERED.**

Dated: November 20, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE