RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Brian D. Ledahl, SBN186579
bledahl@raklaw.com
Benjamin T. Wang, SBN 228712
bwang@raklaw.com
12424 Wilshire Boulevard, Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Straight Path IP Group, LLC,
f/k/a Straight Path IP Group, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

STRAIGHT PATH IP GROUP, INC.,

          Plaintiff,

      v.

CISCO SYSTEMS, INC.

          Defendant.

**Case No.  3:16-cv-03463-WA**

**STRAIGHT PATH'S OBJECTION TO SPECIAL MASTER'S REPORT AND RECOMMENDATION (DKT. # 232)**

Date: April 23, 2020
Time: 8:00 a.m.

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   CISCO REFUSED TO COMPLY WITH THIS COURT'S ORDERS ........................... 2

      A.   This Court Ordered Cisco To Resubmit Its Request By December 5 with
           Detailed Time Records ................................................................................ 2

      B.   Cisco's December 5, 2019 Submission Failed To Comply ................................... 3

      C.   The Special Master Gave Cisco Another Opportunity To Submit A Proper
           Request by February 18 ................................................................................ 3

      D.   Cisco's February 18 Submission Still Failed To Comply ..................................... 4

      E.   Cisco's Repeated Refusal To Comply With This Court's Orders Cannot
           Support A Fee Award .................................................................................. 4

III.  CISCO FAILED TO PROPERLY SUPPORT ITS FEES EVEN WITHOUT THIS
      COURT'S ORDERS ............................................................................................. 6

      A.   Cisco Failed To Present A Proper Lodestar Analysis ........................................... 6

      B.   Cisco Requested Fees For Various Categories That Bear Little Or No
           Relation To The Conduct The Court Found Exceptional ....................................... 8

           1.   Fees Incurred Prior to June 23, 2017 ................................................. 9

           2.   Develop Invalidity Case and Contentions ........................................... 9

           3.   Claim Construction Proceedings ....................................................... 10

           4.   Depositions ................................................................................. 11

           5.   Motions in Limine ........................................................................ 12

IV.   CONCLUSION ................................................................................................. 13

RUSS, AUGUST & KABAT

i

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

# TABLE OF AUTHORITIES

**Cases**

*Blum v. Stenson,*
 465 U.S. 886, 888 (1984) ................................................................................... 7, 8

*Brown v. Stackler,*
 612 F.2d 1057 (7th Cir. 1980) .................................................................................. 6

*City of Burlington v. Dague,*
 505 U.S. 557 (1992) ................................................................................................. 8

*Defense Fund, Inc. v. Reilly,*
 1 F.3d 1254 (D.C. Cir. 1993) .................................................................................. 6

*Hensley v. Eckerhart,*
 461 U.S. 424 (1983) ............................................................................................ 5, 7

*Johnson v. Ga. Highway Express, Inc.,*
 488 F.2d 714 (5th Cir. 1974) .................................................................................. 7

*Lewis v. Kendrick,*
 944 F.2d 949 (1st Cir. 1991) ................................................................................... 5

*Pennsylvania v. Delaware Valley Citizens' Council For Clean Air,*
 478 U.S. 546, 563-64 (1986) .................................................................................. 7

*Samsung Electronics Co., Ltd. v. Straight Path IP Group, Inc.,*
 696 Fed. Appx. 1008 (2017) .................................................................................. 9

**Statutes**

35 U.S.C. § 112 ........................................................................................................... 11

42 U.S.C. § 1983 ........................................................................................................... 8

42 U.S.C. § 1988 ........................................................................................................... 8

35 U.S.C. § 285 ............................................................................................................. 8

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

RUSS, AUGUST & KABAT

## I.    INTRODUCTION

Pursuant to the Court's Order Appointing Special Master (Dkt. # 229), Straight Path hereby submits its objection to the Report and Recommendation of the Special Master (Dkt. # 232).[1]  With respect to Cisco, the Special Master recommended an award of $1,920,146.  The Special Master found, however, that Cisco did not comply with this Court's Orders in presenting its request for fees.  Specifically, the Special Master noted that "Plaintiff's main objection to Cisco's fees is that Cisco refused to comply with the Court's Order.  This objection is meritorious."  Dkt. # 232 at 17 (internal citations omitted).  Cisco refused to present its request in the manner ordered by this Court in its submission on December 5, 2019; and it still refused to comply with that Order when given a second opportunity by the Special Master to re-submit its request on February 18, 2020.  Straight Path respectfully submits that under such circumstances, any award of fees to Cisco where it failed to present evidence to support its fee request is unwarranted.

While Cisco's failure to present proper evidence of its fees should be sufficient to completely resolve these issues, Straight Path also objects to the Special Master's subsidiary findings that presentation of evidence pursuant to the lodestar method is not required in seeking a reasonable fee.  Straight Path respectfully submits that governing Supreme Court precedent requires such evidence to support a "reasonable attorney's fee" award.  Straight Path further objects to the Special Master's findings regarding various activities included in Cisco's request that Straight Path respectfully submits were not reasonably connected to the "is connected" claim element at issue in the Court's summary judgment ruling, and therefore were not properly compensable under the Court's prior rulings.  These issues are only relevant, however, should the Court determine that some award is warranted notwithstanding Cisco's refusal to comply with this Court's Orders regarding presentation of its fee request.

---

[1] Straight Path notes that the Special Master's Report and Recommendation addresses only the amount of any fee award, and not the underlying questions of exceptionality and the availability of any fee award generally.  While Straight Path does not here address those issues outside the scope of the Special Master's appointment, Straight Path reserves its positions regarding those issues.

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

RUSS, AUGUST & KABAT

## II.   CISCO REFUSED TO COMPLY WITH THIS COURT'S ORDERS

### A.   This Court Ordered Cisco To Resubmit Its Request By December 5 with Detailed Time Records

In its Order on both Apple and Cisco's motions for attorney's fees (Dkt, # 225), this Court noted that Cisco had requested a total of $5,349,454.37 in fees and costs.  This amount included a fee component of $3,840,292.91, and an expense (non-taxable cost) component of $1,509,161.46. *See* Dkt. # 210 at 17-18.  In its November 20, 2019 Order, this Court required Cisco (and Apple) to resubmit their requests by December 5, 2019 pursuant to a companion order regarding appointment of a Special Master.  Dkt. # 225 at 12.  In granting this second chance to submit the request, this Court cautioned that "Defendants must take care to submit only for time and expenses that truly deserve compensation and at billing rates that truly deserve to be compensated." *Id.*

This Court's companion Order (Dkt. # 226) set forth detailed requirements for the further submissions to be made by December 5.  For example, the Court required that Cisco "must provide the special master a detailed declaration, organized by discrete projects, breaking down all attorney and paralegal time sought to be recovered.  For each project, there must be a detailed description of the work, giving the date, hours expended, attorney name, and task for each work entry, in chronological order.  A 'project' means a deposition, a motion, a witness interview, and so forth. It does not mean generalized statements like 'trial preparation' or 'attended trial.'  It includes discrete items like 'prepare supplemental trial brief on issue X.'" Dkt. # 226 at 2.  This Court went on to further detail the required form of evidence to be submitted. *Id.* at 2-4.

Cisco made no objection to the Court's Order (Dkt. # 226) providing for the required form of submission.  This Court noted that lack of objection to this procedure in its further Order formalizing the appointment of Special Master Borden.  Dkt. # 229 at 2.  Cisco also did not object to the further order appointing the Special Master or seek any modification of the procedures as contemplated by this Court. *See* Dkt. # 229 at 3 (requiring any objection or request for modification be submitted by Dec. 9, 2019).

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

RUSS, AUGUST & KABAT

**B.      Cisco's December 5, 2019 Submission Failed To Comply**

On December 5, 2019, Cisco provided its submission to the Special Master in the form of several declarations with Exhibits.  Ledahl Decl., Exs. A & B.  Cisco's submission requested the exact same fee total ($3,840,292.91) as previously submitted to this Court.  Cisco partially reduced its expense request to $869,122.39.  As is readily apparent from Cisco's submissions, Cisco's request was to simply seek the same flat amounts requested from this Court.  Cisco did not provide any time records for any attorney or identify any billing rates to be used for compensation as required by this Court's Order.  The Report and Recommendation confirms that Cisco's December 5 submission did not comply with the Court's Order.  Dkt. # 232 at 18.

Following the December 5, 2019 submissions by both Apple and Cisco, the Special Master conducted a telephone conference with all parties on December 16, 2019, during which the parties identified certain broad legal issues pertinent to the Special Master's consideration of both Apple and Cisco's fee requests.  The Special Master directed Apple and Cisco to submit briefs regarding those issues by January 6, 2020 (Cisco's Brief is submitted as Ledahl Decl., Ex. C), and Straight Path to submit responses by January 20, 2020 (Straight Path's Brief is attached as Ledahl Decl., Ex. E).  Among other issues, Straight Path pointed out that Cisco's submission failed to comply with this Court's Order regarding the information to be provided to the Special Master.

**C.      The Special Master Gave Cisco Another Opportunity To Submit A Proper Request by February 18**

On February 5, 2020, the Special Master conducted a telephone conference with the parties regarding the various issues raised in the briefing and indicated an initial view regarding those issues.  Those views were memorialized in a February 10, 2020 Interim Report and Recommendation that the Special Master provided the parties to guide their further submissions.  Ledahl Decl., Ex. F.  As noted in that Interim Report and Recommendation, the Special Master directed Cisco to "recreate billing information in the form required by the Court's Order re Attorney's Fees and Costs and Appointment of Special Master."  Ledahl Decl., Ex. F at 8.  Thus, the Special Master effectively gave Cisco a third chance to present proper evidence to support its

3

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

fee request.  During the parties' telephone conference with the Special Master, Cisco was directed to provide its submission within 10 days.[2]

### D.    Cisco's February 18 Submission Still Failed To Comply

On February 18, 2020, Cisco provided a further submission.  The new material in that submission was 1) a supplement to the prior declaration of Justin Wilcox to add new exhibits 13-17 (and explanation thereof) (attached as Ledahl Decl. Exs. G), and new declarations of Sarah Guske (Ledahl Decl. Ex. H); and Chuck Bernstein (Ledahl Decl. Ex. I).  Cisco's new submission revealed, for the first time that the Baker and Botts firm had maintained time records for its work on this matter, though Cisco had never submitted or provided any request based on those records previously.  *See* Guske declaration (Ledahl Decl., Ex. H) at 2.  Cisco did not present its time records consistent with the Court's prior Orders, nor did it provide any time records whatsoever for attorneys from the Desmarais firm.

The Special Master's Report and Recommendation confirms that even after being given a third chance to present proper evidence to support its fee request, Cisco failed to do so.  Indeed, even with respect to the February 18 submission, the Report and Recommendation includes the unequivocal finding in a heading "Cisco Did Not Comply with the Court's Order to Provide Detailed Time Notes on a Project-by-Project Basis."  Dkt. # 232 at 17; *see also id.* at 9 ("At the hearing on February 5, 2020, and in the Interim Report on February 10, Cisco was asked to construct hourly records and to provide project-based billing as the Court had ordered to determine the reasonableness of Cisco's alternative fee arrangements.  As discussed in Section V, below, Cisco failed to provide those records.") (emphasis added).  The Special Master noted that Cisco continued to request a full award of the same flat fees that it had previously submitted to this Court before the Court directed Cisco to present a new submission.  *Id.*

### E.    Cisco's Repeated Refusal To Comply With This Court's Orders Cannot Support A Fee Award

---

[2] Pursuant to agreement of the parties as to timing and consent of the Special Master, Cisco provided its additional submission on February 18, 2020.

4

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

RUSS, AUGUST & KABAT

1   The Special Master unequivocally found that Cisco twice failed to comply with this Court's

2   Orders regarding the required form of submission to justify a fee award.  Further, the Special

3   Master detailed the many ways that Cisco's failure prevented a meaningful review of the

4   reasonableness of any amounts requested.  Dkt. # 232 at 17-24.  Notwithstanding these repeated

5   failures to comply with the Court's Orders, the Special Master recommended that Cisco should

6   nonetheless be awarded $1,920,146 in fees.  Straight Path respectfully submits that this award is

7   improper and unsupported by the evidence.

8          Cisco bears the burden of demonstrating a reasonable fee.  *Hensley v. Eckerhart*, 461 U.S.

9   424, 437 (1983) ("the fee applicant bears the burden of establishing entitlement to an award and

10  documenting the appropriate hours expended and hourly rates.  The applicant should exercise

11  'billing judgment' with respect to hours worked . . . <u>and should maintain billing time records in a</u>

12  <u>manner that will enable a reviewing court to identify distinct claims</u>.") (emphasis added).  Here,

13  Cisco unequivocally failed to carry that burden.  Instead, Cisco repeatedly ignored this Court's

14  Orders.  For example, in responding to Straight Path's objections to Cisco's non-compliant

15  submissions, Cisco characterized the requirement for presentation of detailed evidence as "the

16  Special Master's request," rather than a requirement set forth in an Order of this Court.  *See* Joint

17  Submission of Feb. 27, 2020 (Ledahl Decl., Ex. J) at 4.[3]

18         Straight Path respectfully submits that Cisco's failure to comply with this Court's Orders

19  and to submit proper documentation of the time for which it sought compensation should not be

20  rewarded with an award, much less an award of nearly $2 million.  Cisco engaged in precisely the

21  type of conduct that Court's caution against – submitting a high amount in its request as an

22  "opening bid" in the hope of recovering as much as possible through some reduction in that award.

23  *See, e.g.*, *Lewis v. Kendrick*, 944 F.2d 949, 958 (1st Cir. 1991) (reversing any award of fees and

24

25  [3] Straight Path notes that Cisco also sought an award of non-taxable costs and argued to the
    Special Master that they should be awarded under the Court's inherent power (*see* Ledahl Decl.
26  Ex C (Cisco Jan. 6 Brief), at 2-4) notwithstanding this Court's express ruling that "Defendants,
    however, have not sufficiently shown that Straight Path's infringement theory alone amounted to
27  recklessness (even assuming this standard applies) or bad faith warranting sanctions under
    Section 1927 or the Court's inherent powers."  Dkt. # 225 at 12.  The Special Master rejected
28  Cisco's arguments as "inconsistent with the Court's holding."  Dkt. # 232 at 3.

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

1   stating, "A request for attorney's fees is required to be in good faith and in reasonable compliance

2   with judicial pronouncements, and not an opening gambit in negotiations to reach an ultimate

3   result."); *Environmental Defense Fund, Inc. v. Reilly*, 1 F.3d 1254, 1258 (D.C. Cir. 1993) ("We

4   may deny in its entirety a request for an 'outrageously unreasonable' amount, lest claimants feel

5   free to make 'unreasonable demands, knowing that the only unfavorable consequence of such

6   misconduct would be a reduction of their fee to what they should have asked for in the first

7   place.'") (citing *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980)).

8          This Court cautioned Cisco to tailor its request to only "time and expenses that truly

9   deserve compensation and at billing rates that truly deserve to be compensated."  Dkt. # 225 at 12.

10   Cisco ignored this caution and the Court's Orders regarding submissions to support its fee request.

11   Straight Path respectfully submits that Cisco's approach does not warrant the award recommended

12   by the Special Master.

13   **III.    CISCO FAILED TO PROPERLY SUPPORT ITS FEES EVEN WITHOUT**

14   **        THIS COURT'S ORDERS**

15          To the extent the Court determines that Cisco should not be awarded fees pursuant to the

16   issues discussed in Section II, above, it need not reach additional issues regarding the nature of

17   Cisco's evidence.  However, even if the Court concluded that some award might be justified

18   notwithstanding Cisco's repeated refusal to comply with the Court's Orders, Straight Path

19   respectfully submits that additional failures in Cisco's presentation also preclude the award

20   recommended by the Special Master.

21          **A.    Cisco Failed To Present A Proper Lodestar Analysis**

22          Straight Path respectfully submits that the Special Master erred in holding that a lodestar

23   analysis was not required as evidence to carry Cisco's burden of demonstrating a reasonable fee.

24   Numerous Supreme Court precedents hold that a lodestar analysis is necessary to support a request

25   for a "reasonable attorney's fee."

26          In *Hensly v. Eckerhart*, in 1983, the Supreme Court considered how to determine a

27   "reasonable" attorney's fee for purposes of a fee award.  *Hensley v. Eckerhart*, 461 U.S. 424

28

6

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

RUSS, AUGUST & KABAT

1  (1983). The Court held that "The most useful starting point for determining the amount of a

2  reasonable fee is the number of hours reasonably expended on the litigation multiplied  by a

3  reasonable hourly rate. This calculation provides an objective basis on which to make an initial

4  estimate of the value of a lawyer's services. The party seeking an award of fees should submit

5  evidence supporting the hours worked and rates claimed. Where the documentation of hours is

6  inadequate, the district court may reduce the award accordingly." *Id.* at 433. While the Supreme

7  Court confirmed that the product of reasonable hours times a reasonable rate does not end the

8  inquiry, it confirmed that it was a necessary starting point. *Id.* at 434. The Court confirmed this

9  requirement, stating "the fee applicant bears the burden of establishing entitlement to an award

10  and documenting the appropriate hours expended and hourly rates. The applicant should exercise

11  'billing judgment' with respect to hours worked . . . and should maintain billing time records in a

12  manner that will enable a reviewing court to identify distinct claims." *Id.* at 437 (emphasis added).

13  The Supreme Court considered the question of how to determine a reasonable attorney's

14  fee again in 1984. In *Blum v. Stenson*, the Supreme Court reiterated the rule of *Hensley* that "The

15  initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of

16  hours reasonably expended on the litigation time a reasonable hourly rate." *Blum v. Stenson*, 465

17  U.S. 886, 888 (1984). In 1986, the Supreme Court addressed this question again and noted that its

18  required analysis was <u>not</u> merely the generalized, multi-factor framework adopted by the Fifth

19  Circuit in 1974 in *Johnson v. Ga. Highway Express, Inc.*, (488 F.2d 714 (5th Cir. 1974)). Rather,

20  the Court stated that *Hensley* had adopted an approach that began with the lodestar analysis

21  (multiplication of a reasonable number of hours times a reasonable rate) which it attributed to the

22  Third Circuit. *Pennsylvania v. Delaware Valley Citizens' Council For Clean Air*, 478 U.S. 546,

23  563-64 (1986). The Court noted that its prior precedent in *Hensley* allowed further consideration

24  of some of the *Johnson* factors <u>after</u> calculating the lodestar, but noted that such consideration

25  should be limited since many of the factors were subsumed within the initial calculation of the

26  reasonable number of hours expended at a reasonable rate. *Pennsylvania*, 478 U.S. at 564. The

27  Court noted that *Blum* had restated "that the proper first step in determining a reasonable attorney's

28

RUSS, AUGUST & KABAT

7

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

1    fee is to multiply the number of hours reasonably expended on the litigation times a reasonable

2    hourly rate." *Id.* (internal quotations omitted).  The Court further held that "*Blum* also limited the

3    factors which a district court may consider in determining whether to make adjustments to the

4    lodestar amount." *Id.* at 564-65.

5         In 1992, the Supreme Court once again reaffirmed that "[t]he 'lodestar' figure has, as its

6    name suggests, become the guiding light of our fee-shifting jurisprudence." *City of Burlington v.*

7    *Dague*, 505 U.S. 557, 562 (1992).  The Court further noted that reliance on the lodestar model was

8    appropriate, in part because, "[i]t is neither necessary nor even possible for application of the fee-

9    shifting statutes to mimic the intricacies of the fee-paying market in every respect." *Id.* at 566-67.

10   The Court also noted that its analysis of this issue was applicable to any federal statute which

11   awards a "reasonable" attorney's fee.  *Id.* at 561-62.

12        The Special Master suggested that this precedent (much of which has arisen in connection

13   with Federal Statutes like 42 U.S.C. §§ 1983 and 1988) was not applicable to 35 U.S.C. § 285,

14   which the Special Master characterized as a "commercial statute."  Dkt # 232 at 8.  Straight Path

15   respectfully submits that this is an erroneous reading of the relevant Supreme Court precedent,

16   which construed the showing necessary to demonstrate a "reasonable attorney's fee" wherever that

17   phrase might be used in any Federal Statute. *See City of Burlington*, 505 U.S. at 561-62.  That is,

18   of course, the exact phrase used in Section 285.  Thus, Straight Path respectfully submits that, even

19   without this Court's express Order, Cisco was required to present lodestar evidence to support a

20   request for a reasonable attorney's fee.  Given the Special Master's clear finding that Cisco failed

21   to do so, Straight Path respectfully submits that Cisco failed to carry its burden in requesting a fee

22   and objects to the Special Master's finding that such evidence is not required in the absence of this

23   Court's Orders regarding the form of submission required.

24        B.    **Cisco Requested Fees For Various Categories That Bear Little Or No**

25              **Relation To The Conduct The Court Found Exceptional**

26        While Cisco's request was never properly apportioned to particular projects as ordered by

27   the Court, Straight Path respectfully submits that to the extent Cisco did identify various projects,

28

8

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

RUSS, AUGUST & KABAT

**RUSS, AUGUST & KABAT**

a number of those projects should not justify an award under the Court's prior Orders. Specifically, this Court previously ruled that the Special Master should "identify each item requested that bears little or no relation to the conduct found exceptional herein." Dkt. # 226 at 4. Straight Path respectfully submits that the Special Master erred in construing this directive of the Court broadly to encompass any and all activity in the case that related generally to the asserted patents. Straight Path respectfully submits that this is overbroad and inconsistent with this Court's Orders. Specific categories are addressed briefly below as pertinent to Cisco's limited and late documentation of projects performed.

### 1.    Fees Incurred Prior to June 23, 2017

The Court's Summary Judgment ruling and order on exceptionality were addressed to issues arising in two Federal Circuit decisions involving IPR proceedings.[4] The second of those decisions did not issue from the Federal Circuit until June 23, 2017. *Samsung Electronics Co., Ltd. v. Straight Path IP Group, Inc.*, 696 Fed. Appx. 1008 (2017). The basis for the Court's finding of exceptionality hinged on this decision. Thus, Straight Path respectfully submits that asserted fees incurred prior to that time of necessity do not bear an adequate relationship to the conduct addressed in the Court's ruling and should not be included in any calculation. Straight Path respectfully submits that given the nature of the Court's ruling, the Special Master erred in failing to eliminate fees incurred by Cisco prior to this time. Indeed, during a March 3, 2020 telephone conference with the Special Master regarding Straight Path's objections to Cisco's fee requests, counsel for Cisco, Mr. Wilcox was asked by the Special Master when Cisco made the assessment that this might be an exceptional case. Mr. Wilcox responded that Cisco did not make such an assessment until it received the Court's Order to Show Cause regarding the award of fees in conjunction with the Court's summary judgment ruling. Ledahl Declaration, ¶ 14. Under such circumstances, an award of fees for work performed even before the *Samsung* decision cannot be supported.

### 2.    Develop Invalidity Case and Contentions

---

[4] As noted previously Straight Path does not address the Court's finding of exceptionality, which it understands to be outside the scope of the Special Master's mandate.

9

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

RUSS, AUGUST & KABAT

1    As reflected in Exhibit 17A to the February 18 Declaration of Justin Wilcox (Ledahl Decl.

2    Ex. G), Cisco seeks extensive recovery in connection with these two closely connected activities

3    relating to preparing and presenting invalidity contentions in this case (because Cisco's request is

4    untethered to any hours expended, Cisco does not actually request a particular amount for this

5    activity).  Straight Path objects to inclusion of such activities as insufficiently related to the issues

6    identified in the Court's summary judgment and exceptionality rulings.  For example, Cisco

7    suggests that it spent more than 700 hours on these invalidity activities, while spending

8    approximately 360 hours in connection with a task it identified as "Development of Non-

9    Infringement Case."  The time dedicated to invalidity contentions appears excessive, in light of

10    the much lesser amount of time devoted to analysis of the infringement issue.  The difference is

11    particularly notable given that, as discussed below, issues of infringement were the basis of the

12    Court's summary judgment and exceptionality findings.

13    The Court's summary judgment ruling addressed non-infringement issues and was not

14    based on Cisco's invalidity contentions.  Cisco's suggestion that its invalidity presentation was

15    inextricably linked to the Court's non-infringement ruling is belied by the Court's rulings, which

16    make no reference to any piece of prior art that Cisco collected or presented.  As such, Straight

17    Path respectfully submits that such activities do not bear an adequate relationship to the conduct

18    addressed in the Court's ruling and should not be included in any fee award.

19    **3.    Claim Construction Proceedings**

20    Cisco seeks recovery for several categories of activity all of which related to claim

21    construction proceedings.  Specifically, Cisco included the following categories in its request:

22    LPR 4-1, LPR 4-2 Exchange, LPR 4-3 Joint Submission, Claim Construction Briefing, Claim

23    Construction Depositions, and Claim Construction Preparation.

24    The "is connected" claim element that was the basis of the Court's summary judgment and

25    exceptionality rulings was not a subject of dispute during claim construction proceedings.  The

26    construction was agreed between the parties and none of the briefing, depositions, or other

27    proceedings addressed that construction.  The separate issues that were at issue in the claim

28

10

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

1    construction briefing, such as numerous contentions by Cisco that various terms should be

2    construed as "means-plus-function" claim elements under 35 U.S.C. § 112, paragraph 6, were

3    unrelated to the summary judgment ruling that formed the basis of the Court's ruling under Section

4    285, and were never even addressed by the Court. As such, Straight Path respectfully submits that

5    such activities do not bear an adequate relationship to the conduct addressed in the Court's ruling

6    and should not be included in any fee award.

7                   **4.**        **Depositions**

8    Straight Path objects to the inclusion of various depositions identified in Cisco's

9    documentation as not having been shown to bear any relation to the issues addressed in the Court's

10    summary judgment and exceptionality rulings – specifically the 'is connected' claim element.

11    Straight Path identified the depositions of Liore Alroy, Yonatan Cantor, Jay Cotton, Andrew

12    Green, Shane Mattaway, an individual named "McMurry," an individual named "Montilla," an

13    individual named "Sacks," and "David Span. Ledahl Decl. Ex. J (Feb. 27 Submission) at 14. As

14    Straight Path noted, the depositions of Mattaway, McMurry, Montilla, and Sacks appear never to

15    have taken place (for example, the diary entries in Wilcox Exhibit 17 do not include any entries

16    for any of these depositions. Cisco never provided any explanation of how time expended

17    regarding any of these depositions was reasonably related to the issues on which the Court based

18    its exceptionality ruling.

19    Further, as recognized by the Special Master, various of the depositions were clearly staffed

20    by Cisco's counsel in a manner inconsistent with the Court's Order for recovery. Dkt. # 226

21    ("Ordinarily, no more than one attorney and one paralegal need be present at a deposition; more

22    will normally be deemed excessive."). In connection with depositions handled by the Baker and

23    Botts firm, based on Ex. 16 to the Wilcox February 18 declaration (Ledahl Decl., Ex. G), with

24    respect to the Cantor deposition, Cisco seeks recovery for two attorneys (Jeremy Taylor and

25    Lauren Dryer) to participate in the deposition, though Straight Path sent only one (Andrew Weiss);

26    with respect to the deposition of David Daiker (not listed above), Cisco seeks recovery for two

27    attorneys (Jeremy Taylor and Lauren Eaton) to participate in the deposition, though Straight Path

28

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

RUSS, AUGUST & KABAT

1   sent only one (Paul Kroeger); with respect to the deposition of Andrew Green, Cisco seeks

2   recovery for two attorneys (Thomas Martin and Wayne Stacy) to participate in the deposition,

3   though Straight Path sent only one (Neil Rubin); with respect to the deposition of Glenn Hutton

4   (not listed above), Cisco seeks recovery for two attorneys (Lauren Eaton and Wayne Stacy) to

5   participate in the deposition, though Straight Path sent only one (Andrew Weiss); and with respect

6   to the Span deposition, Cisco seeks recovery for two attorneys (Elise Edlin and Jeremy Taylor) to

7   participate in the deposition, though Straight Path sent only one (Andrew Weiss).

8        In connection with depositions handled by the Desmarais firm, as reflected in the Wilcox

9   Feb. 18 declaration Exhibit 13 (Ledahl Decl. Ex. G), with respect to the deposition of Dan Lang,

10  Cisco seeks recovery for two attorneys (John Desmarais and Jordan Malz) to participate in the

11  deposition (both from the Desmarais firm, though Straight Path sent only one (Adam Hoffman)[5];

12  with respect to the deposition of Michael Wagner, Cisco seeks recovery for two attorneys (Jordan

13  Malz and Karl Mullen) to participate in the deposition, though Straight Path sent only one Adam

14  Hoffman); with respect to the deposition of Tipton Cole, Cisco seeks recovery for three attorneys

15  (John Desmarais, Paul Waxler, and Justin Wilcox) to participate in the deposition, though Straight

16  Path sent only one (Paul Kroeger); and with respect to the deposition of Stephen Dell, Cisco seeks

17  recovery for two attorneys (Jordan Malz and Karl Mullen) to participate in the deposition, though

18  Straight Path sent only one (Jacob Buczko).

19       While it is impossible to ascertain the amounts actually sought by Cisco for any of these

20  depositions in light of its failure to present evidence consistent with the Court's Orders, Straight

21  Path objects to the inclusion of such depositions in any fee award.

22              **5.      Motions in Limine**

23       Cisco's requests submitted to the Special Master includes motions in limine that were never

24  filed with the Court.  Cisco never identified any motion in limine that was related to the issues that

25  were addressed in the Court's summary judgment and exceptionality rulings, much less any such

26  motion that was filed or needed to be prepared prior to the Court's issuance of its summary

27  _____

28  [5] Cisco also sent a third attorney, Wayne Stacy, to this deposition, but does not appear to seek
    recovery for his attendance.

12

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

RUSS, AUGUST & KABAT

1    judgment ruling.  As such, Straight Path respectfully submits that such activities do not bear an

2    adequate relationship to the conduct addressed in the Court's ruling and should not be included in

3    any fee award.

4    **IV.    CONCLUSION**

5         Straight Path respectfully submits that Cisco's repetitive failure to comply with this Court's

6    Orders cannot support the fee award recommended by the Special Master, or indeed any fee award.

7    To the extent that the Court is inclined nonetheless to grant some award, Straight Path further

8    objects to the Special Master's Report and Recommendation as including an award that is not

9    sufficiently connected to a determination of reasonable activities and reasonable fees, and that

10   appears, of necessity, to include an award of fees for multiple activities outside the scope of this

11   Court's prior Orders.

12

13                                      Respectfully submitted,

14   DATED: March 18, 2020          RUSS, AUGUST & KABAT

15                                      */s/ Brian D. Ledahl*

16                                      Brian D. Ledahl

17                                      RUSS, AUGUST & KABAT
                                        Marc A. Fenster, SBN 181067

18                                      mfenster@raklaw.com
                                        Brian D. Ledahl, SBN186579

19                                      bledahl@raklaw.com
                                        Benjamin T. Wang, SBN 228712

20                                      bwang@raklaw.com
                                        12424 Wilshire Boulevard

21                                      Twelfth Floor
                                        Los Angeles, California 90025

22                                      Telephone: (310) 826-7474

23                                      Facsimile: (310) 826-6991

24                                      **Attorneys for Plaintiff**

25                                      **STRAIGHT PATH IP GROUP, LLC**
                                        **F/K/A STRAIGHT PATH IP GROUP, INC.**

26

27

28

                                   13

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**

RUSS, AUGUST & KABAT

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2020, I electronically filed the foregoing **STRAIGHT PATH'S OBJECTION TO SPECIAL MASTER'S REPORT AND RECOMMENDATION (DKT. # 232)** using the Court's ECF system which will electronically serve the same upon all counsel of record.

/s/ *Brian D. Ledahl*
Brian D. Ledahl

1

**STRAIGHT PATH'S OBJECTION TO REPORT AND RECOMMENDATION**